ORIGINAL

FILED

09 MAY 28 AM 11: 55
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1   Kelly M. Dermody (Cal. Bar No. 171716)
    Jahan C. Sagafi (Cal. Bar No. 224887)
2   LIEFF, CABRASER, HEIMANN &
       BERNSTEIN, LLP
3   275 Battery Street, 30th Floor
    San Francisco, CA 94111-3339
4   Telephone: (415) 956-1000
    Facsimile: (415) 956-1008
5   E-Mail: kdermody@lchb.com
    E-Mail: jsagafi@lchb.com
6
    Richard C. Haber (Ohio Bar No. 0046788)
7   Laura L. Volpini (Ohio Bar No. 0075505)
    HABER POLK LLP
8   Eaton Center, Suite 620
    1111 Superior Avenue
9   Cleveland, Ohio 44114
    Telephone: (216) 241-0700
10  Facsimile: (216) 241-0739
    E-Mail: rhaber@haberpolk.com
11  E-Mail: lvolpini@haberpolk.com

12  *Attorneys for Plaintiffs and the proposed Class*

13              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
14              SAN FRANCISCO / OAKLAND DIVISION

15  MARTIN LEWIS and AARON COOPER,        Case No.    CV 08    2670
    on behalf of themselves and a class of
16  those similarly situated,

17              Plaintiffs,              **COMPLAINT FOR VIOLATIONS OF
                                         FLSA, ERISA, AND CALIFORNIA WAGE
18      v.                               AND HOUR LAWS; CLAIMS FOR
                                         DAMAGES, RESTITUTION AND
19  WELLS FARGO & CO.,                   INJUNCTIVE RELIEF**

20              Defendant.               **COLLECTIVE ACTION**

21                                       **CLASS ACTION**

22                                       **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

761946.1

1    Plaintiffs Martin Lewis and Aaron Cooper ("Plaintiffs") allege, on behalf of

2    themselves and a class of those similarly situated, as follows:

3                            **JURISDICTION AND VENUE**

4         1.    This Court has federal question jurisdiction over this action pursuant to

5    28 U.S.C. § 1331; Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b);

6    and Section 501(e)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

7    § 1132(e)(1).

8         2.    This Court also has original jurisdiction over this action under the Class

9    Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are

10   100 or more members in the proposed class; (2) at least some members of the proposed class have

11   a different citizenship from Defendant; and (3) the claims of the proposed class members exceed

12   $5,000,000 in the aggregate.

13        3.    In addition, this Court has supplemental jurisdiction under 28 U.S.C. §

14   1367 over Plaintiffs' California wage and hour law claims, because those claims derive from a

15   common nucleus of operative fact.

16        4.    This Court is empowered to issue a declaratory judgment pursuant to

17   28 U.S.C. §§ 2201 and 2202.

18        5.    The Northern District of California has personal jurisdiction over Wells

19   Fargo & Co. ("Defendant" or "Wells Fargo"), because it is headquartered in San Francisco,

20   California, is doing business in California, and in this district, and because many of the acts

21   complained of and giving rise to the claims alleged occurred in California and in this District.

22        6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because

23   Defendant resides in this district and because a substantial part of the events giving rise to the

24   claims occurred in this District.

25        7.    Intradistrict assignment:  Pursuant to N.D. Cal. Local Rule 3-2(c) and (d),

26   intradistrict assignment to the San Francisco / Oakland Division is proper because a substantial

27   part of the events that give rise to the claims asserted occurred in San Francisco.

28

## SUMMARY OF CLAIMS

8.     Plaintiffs were employed by Wells Fargo as Network Engineers. Network Engineers at Wells Fargo have the primary duties of installing, maintaining, and/or supporting computer software and/or hardware for Wells Fargo. They were and/or are misclassified by Wells Fargo as exempt from the overtime provisions of the FLSA and/or the applicable state wage and hour laws of California, as described below.

9.     Plaintiffs bring this action on behalf of themselves and all persons who were, are, or will be employed by Wells Fargo nationwide as technical support workers with the primary duties of installing, maintaining, and/or supporting computer software and/or hardware, including but not limited to Network Engineers, but excluding PC/LAN Engineers (collectively, the "Class Positions"), at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action (the "Nationwide FLSA Period"), and who were, are, or will be misclassified by Wells Fargo as exempt from overtime pay under federal law. This group is hereinafter referred to as the "Nationwide FLSA Collective Plaintiffs."

10.     Plaintiffs also bring this action on behalf of all persons who were, are, or will be employed by Wells Fargo in California in the Class Positions (hereinafter "the California Class"), at any time within the four years prior to the date of the filing of this Complaint through the date of the final disposition of this action (the "California Class Period"), and who were, are, or will be improperly misclassified as exempt from overtime pay under California law.

11.     Plaintiffs also bring this action on behalf of themselves and all persons who were, are, or will be employed by Defendant nationwide in the Class Positions within the six years prior to this action's filing date through the date of the final disposition of this action ("the ERISA Class Period"), who were, are, or will be improperly classified as exempt from overtime pay under applicable state and federal laws, and who were, are, or will be covered by the Wells Fargo Cash Balance Plan ("the 401(k) Plan") (hereinafter "the ERISA Class").

12.     At all relevant times, Defendant has been the plan sponsor of the 401(k) Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B). On information and belief, Defendant has exercised actual responsibility, authority, and/or control with regard to the

1  crediting of compensation under the 401(k) Plan, thereby making it a fiduciary of that plan within

2  the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

3       13.    On information and belief, Defendant, at all relevant times, has been and

4  continues to be an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), the

5  administrator of the 401(k) Plan, within the meaning of ERISA § 3(16)(A), 29 U.S.C. §

6  1002(16)(A), the named fiduciary of that plan within the meaning of ERISA § 402(a)(1), 29

7  U.S.C. § 1102(a)(1), and a fiduciary of that plan within the meaning of ERISA § 3(21), 29 U.S.C.

8  § 1002(21).

9       14.    At all relevant times, Plaintiffs were employees of Defendant, within the

10 meaning of ERISA § 3(6), 29 U.S.C. § 1002(6), and a participant in the 401(k) Plan within the

11 meaning of ERISA § 3(7), 29 U.S.C. § 1102(7).

12      15.    Defendant has unlawfully classified Plaintiffs, the Nationwide FLSA

13 Collective Plaintiffs, and the California Class members as exempt from overtime payments under

14 federal and California Laws, despite the fact that they are not exempt. Plaintiffs, the Nationwide

15 FLSA Collective Plaintiffs, and the California Class members worked overtime hours, as defined

16 by the applicable federal and California laws, and are and have been entitled to premium

17 compensation at one and one-half times the regular hourly rate ("overtime compensation") for

18 hours over forty in a week and between eight and twelve in a day, and at twice the regular hourly

19 rate for overtime hours over twelve in a day.

20      16.    Defendant has willfully refused to pay Plaintiffs, Nationwide FLSA

21 Collective Plaintiffs, and the California Class members the required overtime compensation for

22 overtime hours worked, and has failed to keep time records as required by law.

23      17.    Defendant has failed to keep records of Plaintiffs' and the ERISA Class's

24 overtime work. In doing so, Defendant has failed to comply with ERISA's requirement that they

25 maintain records sufficient to determine benefits due or which may become due under the 401(k)

26 Plan, as required under ERISA § 209, 29 U.S.C. § 1059.

27

28

1      18.    Defendant has failed to credit Plaintiffs and the ERISA Class for overtime

2  work as Compensation under the 401(k) Plan. In doing so, Defendant has violated ERISA's

3  fiduciary requirement, set forth in ERISA § 404, 29 U.S.C. § 1104.

4      19.    Defendant's practices violate the FLSA, ERISA, and the California laws

5  pled herein. Plaintiffs seeks injunctive and declaratory relief, overtime compensation for all

6  overtime work required, suffered, or permitted by Defendant, liquidated and/or other damages

7  and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

8                          **THE PARTIES**

9      20.    Plaintiff Martin Lewis was employed by Wells Fargo in Roseville,

10  California from approximately September 2000 to December 2007 as a Network Engineer.

11  Mr. Lewis had the primary duties of installing, maintaining, and supporting computer software

12  and/or hardware. He worked for Wells Fargo in a Class Position during the FLSA Class Period,

13  the ERISA Class Period, and the California Class Period. Mr. Lewis worked hours in excess of

14  forty hours per week and in excess of eight hours per day, without receiving overtime

15  compensation as required by both California and federal law.

16      21.    Plaintiff Aaron Cooper was employed by Wells Fargo in Roseville,

17  California from approximately November 2001 to September 2007 as a Network Engineer.

18  Mr. Cooper had the primary duties of installing, maintaining, and supporting computer software

19  and/or hardware. He worked for Wells Fargo in a Class Position during the FLSA Class Period,

20  the ERISA Class Period, and the California Class Period. Mr. Cooper worked hours in excess of

21  forty hours per week and in excess of eight hours per day, without receiving overtime

22  compensation as required by both California and federal law.

23      22.    Plaintiffs consent to sue for violations of the FLSA, pursuant to 29 U.S.C.

24  § 216(b) and 256.

25      23.    Defendant Wells Fargo is a corporation providing banking services

26  throughout the United States and the world, with its corporate headquarters located in San

27  Francisco, California. The practices described herein were performed in and emanated from

28  Wells Fargo's headquarters in San Francisco, California.

1

**COLLECTIVE ACTION ALLEGATIONS**

2        24.    Plaintiffs bring the First Claim for Relief for violation of the FLSA as a

3    collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all

4    Nationwide FLSA Collective Plaintiffs.

5        25.    Plaintiffs and Nationwide FLSA Collective Plaintiffs are similarly situated

6    in that they have substantially similar job requirements and pay provisions, and are subject to

7    Defendant Wells Fargo's common practice, policy, or plan of unlawfully characterizing

8    Nationwide FLSA Collective Plaintiffs as exempt employees and refusing to pay them overtime

9    in violation of the FLSA.

10       26.    The First Claim for Relief for violations of the FLSA may be brought and

11   maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b),

12   since the claims of the Plaintiffs are similar to the claims of the Nationwide FLSA Collective

13   Plaintiffs.

14       27.    The names and addresses of the Nationwide FLSA Collective Plaintiffs are

15   available from Wells Fargo's records.  Notice should be provided to the Nationwide FLSA

16   Collective Plaintiffs via both first class mail and posting in the offices where they have worked as

17   soon as possible.

18

**CALIFORNIA CLASS ACTION ALLEGATIONS**

19       28.    Plaintiffs bring the Second, Third, Fourth, Fifth, and Sixth Claims for

20   Relief for violation of California's wage and hour and unfair competition laws as a class action,

21   pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all California Class members,

22   defined in paragraph 10.

23       29.    The California Class is so numerous that joinder of all members is

24   impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the

25   California Class Period Defendant Wells Fargo has employed at least fifty persons who satisfy

26   the definition of the California Class.

27       30.    Common questions of law and fact exist as to members of the California

28   Class, including, but not limited to, the following:

1          a.      Whether Defendant unlawfully failed to pay overtime compensation

2   in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*,

3   and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226,

4   510, 1174, 1174.5, and 1194, Cal. Wage Order No. 4-2001.

5          b.      Whether Plaintiffs and the California Class members are non-

6   exempt employees entitled to overtime compensation for overtime hours worked under the

7   overtime pay requirements of California law;

8          c.      Whether Wells Fargo's policy and practice of classifying the

9   California Class members as exempt from overtime entitlement under California law and Wells

10  Fargo's policy and practice of failing to pay overtime to the California Class members violate

11  applicable provisions of California law, including applicable statutory and regulatory authority;

12         d.      Whether Wells Fargo unlawfully failed to keep and furnish

13  California Class members with records of hours worked, in violation of Labor Code §§ 226 and

14  1174;

15         e.      Whether Wells Fargo's policy and practice of failing to pay its

16  employees all wages due within the time required by law after their employment ended violates

17  California law; and

18         f.      The proper measure of damages sustained and the proper measure

19  of restitution recoverable by members of the California Class.

20      31.     Plaintiffs' claims are typical of the California Class members' claims.

21  Plaintiffs, like other California Class members, were subjected to Wells Fargo's policy and

22  practice of refusing to pay overtime in violation of California law.  Plaintiffs' job duties were

23  typical of those of other California Class members.

24      32.     Plaintiffs will fairly and adequately represent and protect the interests of

25  the California Class.  Plaintiffs have retained counsel competent and experienced in complex

26  class actions, the FLSA and state labor and employment litigation.

27      33.     Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for

28  Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Wells Fargo has acted or

1   refused to act on grounds generally applicable to the California Class, making appropriate

2   declaratory and injunctive relief with respect to Plaintiffs and the California Class members as a

3   whole. Plaintiffs and the California Class members are entitled to injunctive relief to end Wells

4   Fargo's common and uniform practice of failing to properly compensate its employees for all

5   overtime work performed for the benefit of Wells Fargo.

6          34.    Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for

7   Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact

8   common to the California Class predominate over any questions affecting only individual

9   members of the California Class, and because a class action is superior to other available methods

10  for the fair and efficient adjudication of this litigation. Wells Fargo's common and uniform

11  policies and practices unlawfully treat members of the California Class as exempt from overtime

12  pay requirements. The damages suffered by individual California Class members are small

13  compared to the expense and burden of individual prosecution of this litigation. In addition, class

14  certification is superior because it will obviate the need for unduly duplicative litigation that

15  might result in inconsistent judgments about Wells Fargo's practices.

16         35.    Plaintiffs intend to send notice to all members of the California Class

17  consistent with the requirements of Fed. R. Civ. P. 23.

18                          **ERISA CLASS ACTION ALLEGATIONS**

19         36.    Plaintiffs bring the Seventh and Eighth Claims for Relief for violation of

20  ERISA as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(1), and/or (b)(2), on behalf of all

21  ERISA Class members, defined in paragraph 11.

22         37.    The ERISA Class is so numerous that joinder of all members is

23  impracticable. Plaintiffs are informed and believe that during the ERISA Class Period, Defendant

24  employed over 100 persons who satisfy the definition of the ERISA Class.

25         38.    Questions of law and fact common to the ERISA Class as a whole include,

26  but are not limited to, the following:

27             a.    Whether Defendant failed and continues to fail to maintain accurate

28  records of actual time worked and wages earned by Plaintiffs and the ERISA Class;



1                    b.     Whether Defendant failed and continues to fail to provide accurate

2  wage statements itemizing all actual time worked and wages earned by Plaintiffs and the ERISA

3  Class;

4                    c.     Whether Defendant has violated and continues to violate ERISA

5  § 209(a)(1), 29 U.S.C. § 1059(a)(1), as alleged herein;

6                    d.     Whether Defendant credited Plaintiffs and the ERISA Class with all

7  Compensation which they were paid or entitled to be paid for purposes of the 401(k) Plan, as

8  required by ERISA; and

9                    e.     Whether Defendant violated ERISA's fiduciary standards by its

10  failure to credit Plaintiffs and the ERISA Class with all Compensation which they were paid or

11  entitled to be paid for purposes of the 401(k) Plan, as required by ERISA.

12          39.     Plaintiffs' claims are typical of those of the ERISA Class. Plaintiffs, like

13  all other ERISA Class members, were subject to Defendant's policies and practices of failing to

14  record overtime worked and Defendant's policy and practice of failing to credit all overtime

15  compensation earned or owning as Compensation under the 401(k) Plan.

16          40.     Plaintiffs will fairly and adequately represent and protect the interests of

17  the ERISA Class. Plaintiffs have retained counsel competent and experienced in complex class

18  actions and ERISA.

19          41.     Class certification of the Seventh and Eighth Claims for Relief is

20  appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because adjudications with respect to individual

21  members of the class would, as a practical matter, be dispositive of the interests of the other

22  members and/or pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant acted or refused to act on

23  grounds generally applicable to the ERISA Class, making appropriate declaratory and injunctive

24  relief with respect to the Plaintiffs and the ERISA Class as a whole.

25          42.     Plaintiffs intend to send notice to all members of the ERISA Class

26  consistent with the requirements of Fed. R. Civ. P. 23.

27

28

**FIRST CLAIM FOR RELIEF**
(Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*,
Brought by Plaintiffs on Behalf of
Themselves and the Nationwide FLSA Collective Plaintiffs)

43.     Plaintiffs, on behalf of themselves and all Nationwide FLSA Collective Plaintiffs, reallege and incorporate by reference paragraphs 1 through 42 as if they were set forth again herein.

44.     At all relevant times, Wells Fargo has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Wells Fargo has employed, and continues to employ, "employee[s]," including Plaintiffs, and each of the collective Nationwide FLSA Collective Plaintiffs. At all relevant times, Wells Fargo has had gross operating revenues in excess of $500,000.

45.     Attached hereto are the Consent to Sue forms signed by Plaintiffs in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely that other similarly situated individuals will sign consent forms and join as Plaintiffs on this claim in the future.

46.     The FLSA requires each covered employer, including Defendant Wells Fargo, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

47.     The Nationwide FLSA Collective Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

48.     At all relevant times, Wells Fargo, pursuant to its policies and practices, failed and refused to pay overtime premiums to the Nationwide FLSA Collective Plaintiffs for their hours worked in excess of forty hours per week.

49.     By failing to compensate Plaintiffs and the Nationwide FLSA Collective Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Wells Fargo has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

1          50.     By failing to record, report, and/or preserve records of hours worked by

2    Plaintiffs and the Nationwide FLSA Collective Plaintiffs, Wells Fargo has failed to make, keep,

3    and preserve records with respect to each of its employees sufficient to determine their wages,

4    hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C.

5    §§ 201 *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

6          51.     The foregoing conduct, as alleged, constitutes a willful violation of the

7    FLSA within the meaning of 29 U.S.C. § 255(a).

8          52.     Plaintiffs, on behalf of themselves and the Nationwide FLSA Collective

9    Plaintiffs, seek recovery of attorneys' fees and costs of action to be paid by Wells Fargo, as

10   provided by the FLSA, 29 U.S.C. § 216(b).

11         53.     Plaintiffs, on behalf of themselves and Nationwide FLSA Collective

12   Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation,

13   liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal

14   and equitable relief as the Court deems just and proper.

15                          **SECOND CLAIM FOR RELIEF**
                 **(Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194,**
16          **Brought by Plaintiffs on Behalf of Themselves and the California Class)**

17         54.     Plaintiffs, on behalf of themselves and all members of the California Class,
18
     reallege and incorporate by reference paragraphs 1 through 53 as if they were set forth again
19
     herein.
20
           55.     California law requires an employer, such as Defendant, to pay overtime
21
     compensation to all non-exempt employees for all hours worked over forty per week, or over
22
     eight per day.
23
           56.     Plaintiffs and the California Class members are non-exempt employees
24
     entitled to be paid overtime compensation for all overtime hours worked.
25
           57.     Throughout the California Class Period, and continuing through the
26
     present, Plaintiffs and the California Class members worked in excess of eight hours in a workday
27

28

1  and/or forty hours in a workweek. Plaintiffs and certain California Class members also worked in

2  excess of twelve hours in a workday.

3          58.    During the California Class Period, Defendant misclassified Plaintiffs and

4  the California Class members as exempt from overtime pay entitlement and failed and refused to

5  pay them overtime premium pay for their overtime hours worked.

6          59.    As a direct and proximate result of Defendant's unlawful conduct, as set

7  forth herein, Plaintiffs and the California Class members have sustained damages, including loss

8  of earnings for hours of overtime worked on behalf of Defendant in an amount to be established

9  at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other

10  applicable law.

11                          **THIRD CLAIM FOR RELIEF**
                **(California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203,**
12              **Brought by Plaintiffs on Behalf of Themselves and the California Class)**

13          60.    Plaintiffs, on behalf of themselves and all members of the California Class,

14  reallege and incorporate by reference paragraphs 1 through 59 as if they were set forth again

15  herein.

16          61.    California Labor Code §§ 201 and 202 require Defendant to pay its

17  employees all wages due within the time specified by law. California Labor Code § 203 provides

18  that if an employer willfully fails to timely pay such wages, the employer must continue to pay

19  the subject employees' wages until the back wages are paid in full or an action is commenced, up

20  to a maximum of thirty days of wages.

21          62.    Plaintiffs and all California Class members who ceased employment with

22  Wells Fargo are entitled to unpaid compensation, but to date have not received such

23  compensation.

24          63.    More than thirty days have passed since Plaintiffs and certain California

25  Class members left Defendant's employ.

26          64.    As a consequence of Defendant's willful conduct in not paying

27  compensation for all hours worked, Plaintiffs and California Class members whose employment

28

1    ended during the class period are entitled to thirty days' wages under Labor Code § 203, together

2    with interest thereon and attorneys' fees and costs.

3                              **FOURTH CLAIM FOR RELIEF**
                              **(California Record-Keeping Provisions,**
4        **Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226, 1174, & 1174.5,**
         **Brought by Plaintiffs on Behalf of Themselves and the California Class)**
5
6            65.    Plaintiffs, on behalf of themselves and all members of the California Class,

7    reallege and incorporate by reference paragraphs 1 through 64 as if they were set forth again

8    herein.

9            66.    Defendant knowingly and intentionally failed to provide timely, accurate,

10   itemized wage statements including, *inter alia*, hours worked, to Plaintiffs and California Class

11   members in accordance with Labor Code § 226(a) and the IWC Wage Orders.  Such failure

12   caused injury to Plaintiffs and California Class members, by, among other things, impeding them

13   from knowing the amount of wages to which they are and were entitled.  At all times relevant

14   herein, Defendant has failed to maintain records of hours worked by Plaintiffs and California

15   Class members as required under Labor Code § 1174(d).

16           67.    Plaintiffs and California Class members are entitled to and seek injunctive

17   relief requiring Defendant to comply with Labor Code §§ 226(a) and 1174(d), and further seek

18   the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual

19   damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one

20   hundred dollars ($100) per employee for each violation in a subsequent pay period.

21                              **FIFTH CLAIM FOR RELIEF**
                              **(California Meal And Rest Period Provisions,**
22       **Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 218.5, 226.7, & 512,**
         **Brought by Plaintiffs on Behalf of Themselves and the California Class)**

23           68.    Plaintiffs, on behalf of themselves and all members of the California Class,

24   reallege and incorporate by reference paragraphs 1 through 67 as if they were set forth again

25   herein.

26           69.    Plaintiffs and California Class members regularly work and have worked in

27   excess of five-hour shifts without being afforded at least a half-hour meal break in which they

28

---

761946.1                            - 12 -        COLLECTIVE ACTION & CLASS ACTION COMPLAINT –
                                                  FLSA, ERISA, & CALIFORNIA LAW

1    were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 4-

2    2001, § 11(a).

3         70.    In addition, Plaintiffs and California Class members regularly work and

4    have worked without being afforded at least one ten-minute rest break, in which they were

5    relieved of all duty, per four hours of work performed or major fraction thereof, as required by

6    Labor Code §§ 226.7 and Wage Order No. 4-2001, § 12.

7         71.    As a result of Defendant's failure to afford proper meal periods, it is liable

8    to Plaintiffs and the California Class members for one hour of additional pay at the regular rate of

9    compensation for each workday that the proper meal periods were not provided, pursuant to

10   Labor Code § 226.7 and Wage Order No. 4-2001, § 11(b).

11        72.    As a result of Defendant's failure to afford proper rest periods, it is liable to

12   Plaintiffs and the California Class members for one hour of additional pay at the regular rate of

13   compensation for each workday that the proper rest periods were not provided, pursuant to Labor

14   Code § 226.7 and Wage Order No. 4-2001, § 12(b).

15                          **SIXTH CLAIM FOR RELIEF**
              **(California Unfair Competition Law, Cal. Bus. & Prof. Code §§17200 et seq.,**
16            **Brought by Plaintiffs on Behalf of Themselves and the California Class)**

17        73.    Plaintiffs, on behalf of themselves and all members of the California Class,

18   reallege and incorporate by reference paragraphs 1 through 72 as if they were set forth again

19   herein.

20        74.    The foregoing conduct, as alleged, violates the California Unfair

21   Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* Section 17200 of the Cal.

22   Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair

23   business acts or practices.

24        75.    Beginning at a date unknown to Plaintiffs, but at least as long ago as four

25   years before the filing of this action, Defendant committed, and continues to commit, acts of

26   unfair competition, as defined by the UCL, by, among other things, engaging in the acts and

27   practices described herein. Defendant's conduct as herein alleged has injured Plaintiffs and the

28

1 | California Class by wrongfully denying them earned wages, and therefore was substantially

2 | injurious to Plaintiffs and to the California Class.

3 |             76.      Defendant engaged in unfair competition in violation of the UCL by

4 | violating, *inter alia*, each of the following laws. Each of these violations constitutes an

5 | independent and separate violation of the UCL:

6 |                      a.      The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*;

7 |                      b.      California Labor Code § 1194;

8 |                      c.      California Labor Code §§ 201, 202, 203, 204, and 226;

9 |                      d.      California Labor Code § 1174; and

10 |                     e.      California Labor Code § 510, which provides in relevant part:

11 |                           Any work in excess of eight hours in one workday and any
                              work in excess of 40 hours in any one workweek and the
12 |                           first eight hours worked on the seventh day of work in any
                              one workweek shall be compensated at the rate of no less
13 |                           than one and one-half times the regular rate of pay for an
                              employee. Any work in excess of 12 hours in one day shall
14 |                           be compensated at the rate of no less than twice the regular
                              rate of pay for an employee. In addition, any work in
15 |                           excess of eight hours on any seventh day of a workweek
                              shall be compensated at the rate of no less than twice the
16 |                           regular rate of pay of an employee.

17 |            77.      Defendant's course of conduct, acts, and practices in violation of the

18 | California laws mentioned in the above paragraph constitute a separate and independent violation

19 | of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or

20 | otherwise significantly threatens or harms competition.

21 |            78.      The unlawful and unfair business practices and acts of Defendant,

22 | described above, have injured the California Class members in that they were wrongfully denied

23 | the payment of earned overtime wages.

24 |            79.      Plaintiffs, on behalf themselves and the California Class members, seek

25 | recovery of attorneys' fees and costs of this action to be paid by Wells Fargo, as provided by the

26 | UCL and California Labor Code §§ 218, 218.5, and 1194.

27 |            80.      Plaintiffs, on behalf of themselves and the California Class, seek restitution

28 | in the amount of the respective unpaid wages earned and due at a rate not less than one and one-

761946.1                                          - 14 -           COLLECTIVE ACTION & CLASS ACTION COMPLAINT –
                                                                  FLSA, ERISA, & CALIFORNIA LAW

1    half times the regular rate of pay for work performed in excess of forty hours in a workweek, or

2    eight hours in a day, and double the regular rate of pay for work performed in excess of twelve

3    hours per day.

4

**SEVENTH CLAIM FOR RELIEF**
**(ERISA § 502(a)(3) Based on Failure to Maintain Records**

5

**Brought by Plaintiffs**
**on Behalf of Themselves and the ERISA Class)**

6

7        81.    Plaintiffs, on behalf of themselves and the ERISA Class, reallege and

8    incorporate by reference paragraphs 1 through 80 as if they were set forth again herein.

9        82.    ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), requires that an employer

10   which sponsors an employee benefit plan maintain records with respect to each of its employees

11   sufficient to determine the benefits due or which may become due to such employees.

12       83.    On information and belief, the 401(k) Plan is an employee pension benefit

13   plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and an employee benefit plan

14   within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

15       84.    Pursuant to the terms of the 401(k) Plan, employees' rights to share in the

16   contributions to the Plan are dependent, in part, on their Compensation, which is defined by

17   Section 1.1(j) of the Plan's governing instrument to include, among other things, employees'

18   overtime wages.

19       85.    By its failure to record and/or report all of the hours worked by Plaintiffs

20   and members of the prospective ERISA Class, Defendant has failed to maintain records with

21   respect to each of its employees sufficient to determine the benefit accrual rights of 401(k) Plan

22   participants, in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1).

23       86.    In order to remedy this violation of ERISA by Defendant, Plaintiffs on

24   behalf of themselves and members of the ERISA Class seek injunctive relief, and such other

25   equitable relief as the Court deems just and proper, as provided by Section 502(a)(3) of ERISA,

26   29 U.S.C. § 1132(a)(3).

27

28

761946.1                                        - 15 -              COLLECTIVE ACTION & CLASS ACTION COMPLAINT –
                                                                    FLSA, ERISA, & CALIFORNIA LAW

87.    Plaintiffs on behalf of themselves and members of the ERISA Class seek
recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by
Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

## EIGHTH CLAIM FOR RELIEF
### (ERISA §§ 1001 *et seq.*,
### Brought by Plaintiffs
### on Behalf of Themselves and the ERISA Class)

88.    Plaintiffs, on behalf of themselves and the ERISA Class, reallege and
incorporate by reference paragraphs 1 through 87 as if they were set forth again herein.

89.    ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that employee benefit
plan fiduciaries discharge their duties with respect to the plan solely in the interest of the
participants and beneficiaries and, inter alia, (1) for the exclusive purpose of providing benefits to
participants and their beneficiaries and defraying reasonable expenses of administration; (2) with
the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a
like capacity and familiar with such matters would use in the conduct of an enterprise of like
character and with like aims; and (3) in accordance with the documents and instruments
governing the plan.

90.    On information and belief, Article 5 and Article 6 of the governing
instrument of the 401(k) Plan confers on Defendant discretionary authority, responsibility, and/or
control with respect to the crediting of compensation, thereby rendering Defendant a fiduciary in
that regard.

91.    On further information and belief, Defendant has exercised actual
discretionary authority, responsibility, and/or control in determining what compensation would
and would not be credited under the 401(k) Plan.  By reason of the exercise of such discretion,
Defendant has been a fiduciary of that plan with respect to the crediting of compensation.

92.    Defendant has breached its fiduciary duties by failing to credit
compensation due for overtime performed by the Plaintiffs and the members of the ERISA Class
as Compensation under the 401(k) Plan.

- 16 -

1           93.    Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the Plaintiffs on

2    behalf of themselves and all members of the ERISA Class seek an injunction requiring Defendant

3    to credit all members of the ERISA Class with Compensation under the 401(k) Plan for all of the

4    past and future overtime work performed by those Class members and any such other equitable

5    relief as this Court deems appropriate.

6           94.    Plaintiffs on behalf of themselves and members of the ERISA Class, seek

7    recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by

8    Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

9    **NINTH CLAIM FOR RELIEF**

10   **(Breach of Contract,**<br>**Brought by Plaintiffs Individually)**

11          95.    Plaintiffs, on behalf of themselves individually, reallege and incorporate by

12   reference paragraphs 1 through 94 as if they were set forth again herein.

13          96.    The Wells Fargo & Company Salary Continuation Pay Plan (the "SCPP")

14   constitutes a contract between Plaintiffs and Wells Fargo.  The SCPP provides that an employee

15   whose position is eliminated or substantial changed is eligible for salary continuation in the

16   amount of 6 to 15 months of salary, based on the employee's years of service to Wells Fargo.

17          97.    Plaintiffs have attempted to assert their rights to compensation under the

18   SCPP.

19          98.    Wells Fargo has to date failed to provide the compensation payable under

20   the SCPP.  Such failure by Wells Fargo constitutes a breach of contract.

21          99.    Wells Fargo's breach of contract has proximately caused Plaintiffs

22   economic injury and other damages.

23          100.    Plaintiffs, on behalf of themselves individually, seek damages and other

24   relief as appropriate.

25   **PRAYER FOR RELIEF**

26          WHEREFORE, Plaintiffs on behalf of themselves and all members of the

27   Nationwide FLSA Class, pray for relief as follows:

28

1          A.    Designation of this action as a collective action on behalf of the

2  Nationwide FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice

3  pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class,

4  apprising them of the pendency of this action, and permitting them to assert timely FLSA claims

5  in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

6          B.    Designation of Plaintiffs as Representatives of the Nationwide FLSA

7  Collective Plaintiffs;

8          C.    A declaratory judgment that the practices complained of herein are

9  unlawful under the FLSA;

10         D.    An award of damages, according to proof, including liquidated damages, to

11  be paid by Defendant;

12         E.    Costs of action incurred herein, including expert fees;

13         F.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

14         G.    Post-Judgment interest, as provided by law; and

15         H.    Such other legal equitable relief as this Court deems necessary, just, and

16  proper.

17         WHEREFORE, Plaintiffs on behalf of themselves and all members of the

18  California Class, pray for relief as follows:

19         I.    Certification of this action as a class action on behalf of the California

20  Class;

21         J.    Designation of Plaintiffs as Representatives of the California Class;

22         K.    A declaratory judgment that the practices complained of herein are

23  unlawful under California law;

24         L.    Appropriate equitable and injunctive relief to remedy Defendant's

25  violations of California law, including but not necessarily limited to an order enjoining Defendant

26  from continuing its unlawful practices;

27         M.    Appropriate statutory penalties;

28

761946.1                                    - 18 -     COLLECTIVE ACTION & CLASS ACTION COMPLAINT –
                                                       FLSA, ERISA, & CALIFORNIA LAW

1              N.     Damages and restitution, including waiting time penalties, meal and rest

2 break violation payments, record-keeping penalties, and overtime wages to be paid by Defendant

3 according to proof;

4              O.     Pre-Judgment and Post-Judgment interest, as provided by law;

5              P.     Such other injunctive and equitable relief as the Court may deem just and

6 proper; and

7              Q.     Attorneys' fees and costs of suit, including expert fees and costs.

8              WHEREFORE, Plaintiffs on behalf of themselves and all members of the ERISA

9 Class, pray for relief as follows:

10              R.     Certification of this action as a class action on behalf of the proposed

11 ERISA Class;

12              S.     Designation of Plaintiffs as Representatives of the ERISA Class;

13              T.     A declaration that the practices complained of herein violate ERISA

14 § 209(a), 29 U.S.C. § 1129(a);

15              U.     Appropriate equitable and injunctive relief to remedy Defendant's

16 violations of ERISA § 209(a);

17              V.     A declaration that Defendant has breached its fiduciary duties by failing to

18 credit the Plaintiffs and the ERISA Class with Compensation for all work performed, as required

19 by ERISA and the terms of the 401(k) Plan;

20              W.     An order requiring that Defendant remedy its breaches of fiduciary duty by

21 crediting Plaintiffs and the ERISA Class with Compensation for all of their past, present, and

22 future uncompensated work;

23              X.     Attorneys' fees and costs of suit; and

24              Y.     Such other injunctive and equitable relief as the Court may deem

25 necessary, just, and proper.

26              WHEREFORE, Plaintiffs on behalf of themselves individually, pray for relief as

27 follows:

28

1    Z.    Damages for breach of the SCPP contract; and

2    AA.    Such other relief as the Court may deem necessary, just, and proper.

3    Respectfully submitted,

4

5    Dated: May 27, 2008    By:

6    Kelly M. Dermody

7    Kelly M. Dermody (Cal. Bar No. 171716)
     Jahan C. Sagafi (Cal. Bar No. 224887)
8    LIEFF, CABRASER, HEIMANN &
        BERNSTEIN, LLP
9    275 Battery Street, 30th Floor
     San Francisco, CA 94111-3339
10   Telephone: (415) 956-1000
     Facsimile: (415) 956-1008
11   E-Mail: kdermody@lchb.com
     E-Mail: jsagafi@lchb.com

12   Richard C. Haber (Ohio Bar No. 0046788)
     Laura L. Volpini (Ohio Bar No. 0075505)
13   HABER POLK LLP
     Eaton Center, Suite 620
14   1111 Superior Avenue
     Cleveland, Ohio 44114
15   Telephone: (216) 241-0700
     Facsimile: (216) 241-0739
16   E-Mail: rhaber@haberpolk.com
     E-Mail: lvolpini@haberpolk.com

17
     *Attorneys for Plaintiffs and the proposed Class*
18

19

20

21

22

23

24

25

26

27

28

761946.1    - 20 -    COLLECTIVE ACTION & CLASS ACTION COMPLAINT –
                       FLSA, ERISA, & CALIFORNIA LAW

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Respectfully submitted,

Dated: May 27, 2008

By: _____
Kelly M. Dermody

Kelly M. Dermody (Cal. Bar No. 171716)
Jahan C. Sagafi (Cal. Bar No. 224887)
LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com

Richard C. Haber (Ohio Bar No. 0046788)
Laura L. Volpini (Ohio Bar No. 0075505)
HABER POLK LLP
Eaton Center, Suite 620
1111 Superior Avenue
Cleveland, Ohio 44114
Telephone: (216) 241-0700
Facsimile: (216) 241-0739
E-Mail: rhaber@haberpolk.com
E-Mail: lvolpini@haberpolk.com

*Attorneys for Plaintiffs and the proposed Class*

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Martin Lewis and Aaron Cooper

**JCS**

## DEFENDANTS

Wells Fargo & Co.   E-filing

**(b)** County of Residence of First Listed Plaintiff

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

See attachment

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☒ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

FLSA (29 U.S.C. § 216) and ERISA (29 U.S.C. § 1132)

Brief description of cause:

Class action by technical support workers seeking overtime pay not paid due to misclassification as exempt

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION   DEMAND $ > $5,000,000

UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)

(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE

May 28, 2008

SIGNATURE OF ATTORNEY OF RECORD

**Attorneys**

Kelly M. Dermody (Cal. Bar No. 171716)
Jahan C. Sagafi (Cal. Bar No. 224887)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com

Richard C. Haber (Ohio Bar No. 0046788)
Laura L. Volpini (Ohio Bar No. 0075505)
HABER POLK LLP
Eaton Center, Suite 620
1111 Superior Avenue
Cleveland, Ohio 44114
Telephone: (216) 241-0700
Facsimile: (216) 241-0739
E-Mail: rhaber@haberpolk.com
E-Mail: lvolpini@haberpolk.com