1  Timothy M. Freudenberger, State Bar No. 138257
   Alison L. Tsao, State Bar No. 198250
2  Kent J. Sprinkle, State Bar No. 226971
   CARLTON DiSANTE & FREUDENBERGER LLP
3  601 Montgomery Street
   Suite 350
4  San Francisco, California 94111
   Telephone: (415) 981-3233
5  Facsimile: (415) 981-3246
   E-Mail: tfreud@cdflaborlaw.com
6         atsao@cdflaborlaw.com
          ksprinkle@cdflaborlaw.com
7
   Attorneys for Defendant
8  WELLS FARGO BANK, N.A.

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11

12  MARTIN LEWIS and AARON COOPER, on          )  Case No. CV-08-2670-CW
    behalf of themselves and a class of those  )
13  similarly situated,                        )  Judge: Hon. Claudia Wilken
                                               )
14            Plaintiffs,                      )  DEFENDANT WELLS FARGO BANK,
                                               )  N.A.'S ANSWER TO PLAINTIFFS'
         vs.                                   )  COMPLAINT FOR VIOLATIONS OF
15                                             )  FLSA, ERISA, AND CALIFORNIA
    WELLS FARGO & CO.,                         )  WAGE AND HOUR LAWS; CLAIMS
16                                             )  FOR DAMAGES, RESTITUTION AND
              Defendant.                       )  INJUNCTIVE RELIEF
17                                             )
                                               )
18                                             )  Action Filed:  May 28, 2008
                                               )  Trial Date:    None Set
19

20

21

22

23

24

25

26

27

28

CARLTON DiSANTE &
FREUDENBERGER LLP

300466.2

Case No. CV-08-2670-CW
DEFENDANT WELLS FARGO BANK, N.A.'S
ANSWER TO COMPLAINT

1    Defendant WELLS FARGO BANK, N.A., ("Wells Fargo"), erroneously sued as Wells

2  Fargo & Company, hereby answers the Complaint for Violations of FLSA, ERISA, and California

3  Wage and Hour Laws; Claims for Damages, Restitution and Injunctive Relief (the "Complaint")

4  filed by Plaintiffs Martin Lewis and Aaron Cooper (collectively, "Plaintiffs") as follows:

5                                    **JURSIDICTION AND VENUE**

6    1.    Answering paragraph 1 of the Complaint, Plaintiffs' allegations concerning the

7  application of 28 U.S.C. § 1331, 29 U.S.C § 216(b), and 29 U.S.C. § 1132(e)(1) as a basis for

8  jurisdiction over their claims are legal conclusions to which no response is required.

9    2.    Answering paragraph 2 of the Complaint, Plaintiffs' allegations concerning the

10  applicability of 28 U.S.C. § 1332(d) as a basis for original jurisdiction over their claims are legal

11  conclusions to which no response is required.  Because the proposed class is not sufficiently

12  defined, Wells Fargo lacks sufficient information to permit it to admit or deny whether there are

13  100 or more members in the proposed class and, on that basis, denies the allegation.  Wells Fargo

14  assumes that the proposed class includes employees in the position entitled Network Engineer 4

15  (the position held by Plaintiffs while employed with Wells Fargo).  Wells Fargo admits that at least

16  some current or former employees in the Network Engineer 4 position have a different citizenship

17  from Wells Fargo.  Despite its assumption regarding the Network Engineer 4 position, Wells Fargo

18  maintains that the proposed class is not sufficiently defined.  Wells Fargo admits that Plaintiffs are

19  alleging that the claims of the proposed class members exceed $5,000,000 in the aggregate, but

20  denies that Plaintiffs are entitled to any sum.

21    3.    Answering paragraph 3 of the Complaint, Plaintiffs' allegations concerning the

22  application of 28 U.S.C. § 1367 as a basis for supplemental jurisdiction over Plaintiffs' California

23  wage and hour law claims are legal conclusions to which no response is required.

24    4.    Answering paragraph 4 of the Complaint, Plaintiffs' allegation that the Court is

25  empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 is a legal

26  conclusion to which no response is required.

27    5.    Answering paragraph 5 of the Complaint, Wells Fargo admits that it is

28  headquartered in San Francisco, California.  Wells Fargo admits that it does business in California

1  and in this District.  Wells Fargo lacks sufficient information to permit it to admit or deny the

2  allegation that a substantial part of the events giving rise to the claims in the Complaint occurred in

3  this District and, on that basis, denies the allegation.

4        6.     Answering paragraph 6 of the Complaint, Plaintiffs' allegation concerning the

5  application of 28 U.S.C. § 1391(b) as a basis for venue in this matter is a legal conclusion to which

6  no response is required.  Wells Fargo admits that it has its headquarters in this District.  Wells

7  Fargo lacks sufficient information to permit it to admit or deny the allegation that a substantial part

8  of the events giving rise to the claims in the Complaint occurred in this District and, on that basis,

9  denies the allegation.

10        7.     Answering paragraph 7 of the Complaint, Wells Fargo lacks sufficient information

11  to permit it to admit or deny the material allegations in paragraph 7 and, on that basis, denies each

12  and every material allegation contained therein.

13  **SUMMARY OF CLAIMS**

14        8.     Answering paragraph 8 of the Complaint, Wells Fargo admits that Plaintiffs Lewis

15  and Cooper were employed by Wells Fargo in the position of Network Engineer 4.  Wells Fargo

16  denies that Plaintiffs' allegations correctly set forth Plaintiffs' primary duties.  Except as expressly

17  admitted, Wells Fargo denies each and every material allegation in paragraph 8 of the Complaint.

18        9.     Answering paragraph 9 of the Complaint, Wells Fargo denies each and every

19  material allegation contained therein.  Wells Fargo denies that any such employees were, are, or

20  will be improperly misclassified as exempt from overtime pay under federal law.  Wells Fargo

21  asserts that the definition of the proposed "Nationwide FLSA Collective Plaintiffs" is vague,

22  ambiguous, and unidentifiable for reasons including, but not limited to, the fact that it does not

23  identify the positions purportedly included.  Wells Fargo additionally asserts that it has not

24  committed any willful violation of the FLSA and that, consequently, a two-year statute of

25  limitations applies to Plaintiffs' FLSA claim.  29 U.S.C. § 255.

26       10.    Answering paragraph 10 of the Complaint, Wells Fargo denies each and every

27  material allegation contained therein.  Wells Fargo denies that any such employees were, are, or

28  will be improperly misclassified as exempt from overtime pay under California law.  Wells Fargo

Case No.  CV-08-2670-CW
DEFENDANT WELLS FARGO BANK, N.A.'S
ANSWER TO COMPLAINT

300466.2

1  additionally asserts that the definition of the proposed "California Class" is vague, ambiguous, and

2  unidentifiable for reasons including, but not limited to, the fact that it does not identify the

3  positions purportedly included.

4       11.    Answering paragraph 11 of the Complaint, Wells Fargo denies each and every

5  material allegation contained therein. Wells Fargo denies that any such employees were, are, or

6  will be improperly classified as exempt from overtime pay. Wells Fargo asserts that the definition

7  of the proposed "ERISA Class" is vague, ambiguous, and unidentifiable for reasons including, but

8  not limited to, the fact that it does not identify the positions purportedly included. Wells Fargo

9  further asserts that because Plaintiffs' ERISA claim is entirely dependent on their California and

10  FLSA overtime claims, the applicable statutes of limitations stem from the FLSA and/or California

11  law, and not from ERISA.

12      12.    Answering paragraph 12 of the Complaint, Plaintiffs' allegation that Wells Fargo

13  has been the plan sponsor of the Wells Fargo Cash Balance Plan within the meaning of 29 U.S.C.

14  § 1002(16)(B) is a legal conclusion to which no response is required. Wells Fargo lacks sufficient

15  information to permit it to admit or deny Plaintiffs' allegation that it has exercised actual

16  discretionary authority, responsibility, and/or control in determining what compensation would and

17  would not be credited under the Wells Fargo Cash Balance Plan and, on that basis, denies the

18  allegation. Plaintiffs' allegation that Wells Fargo is a fiduciary of the Plan within the meaning of

19  29 U.S.C. § 1002(21) is a legal conclusion to which no response is required. Except as expressly

20  admitted or denied, Wells Fargo denies each and every material allegation in paragraph 12 of the

21  Complaint.

22      13.    Answering paragraph 13 of the Complaint, Plaintiffs' allegations regarding the

23  interpretation of 29 U.S.C. § 1002(5), 29 U.S.C. § 1002(16)(A), 29 U.S.C. § 1102(a)(1), and 29

24  U.S.C. § 1102(21) are legal conclusions to which no response is required.

25      14.    Answering paragraph 14 of the Complaint, Plaintiffs' allegations regarding the

26  interpretation of 29 U.S.C. § 1002(6) and 29 U.S.C. § 1002(7) are legal conclusions to which no

27  response is required.

28      15.    Answering paragraph 15 of the Complaint, Wells Fargo denies each and every

1  material allegation contained therein.  Wells Fargo further asserts that Plaintiffs have no personal

2  knowledge regarding the experience of any other purported members of the proposed Nationwide

3  FLSA Collective Plaintiffs or the proposed California Class and that Plaintiffs therefore lack any

4  proper basis for their allegations as to any such individuals.

5      16.    Answering paragraph 16 of the Complaint, Wells Fargo admits that it did not require

6  Plaintiffs to clock in or out of work, keep a timesheet, or otherwise document their hours worked

7  because Plaintiffs were exempt from overtime requirements and Wells Fargo consequently had no

8  duty to record their hours worked.  Except as expressly admitted, Wells Fargo denies each and

9  every material allegation in paragraph 16 of the Complaint.

10     17.    Answering paragraph 17 of the Complaint, Wells Fargo admits that it did not require

11  Plaintiffs to clock in or out of work, keep a timesheet, or otherwise document their hours worked

12  because Plaintiffs were exempt from overtime requirements and Wells Fargo consequently had no

13  duty to record their hours worked.  Wells Fargo denies that ERISA imposes a requirement on an

14  employer to maintain records of hours worked for exempt employees.  Except as expressly

15  admitted, Wells Fargo denies each and every material allegation contained in paragraph 17 of the

16  Complaint.

17     18.    Answering paragraph 18 of the Complaint, Wells Fargo denies each and every

18  material allegation contained therein.

19     19.    Answering paragraph 19 of the Complaint, Wells Fargo denies each and every

20  material allegation contained therein.

21                              **THE PARTIES**

22     20.    Answering paragraph 20 of the Complaint, Wells Fargo denies that Plaintiff Martin

23  Lewis was employed by Wells Fargo in Roseville, California from approximately September 2000

24  to December 2007 as a Network Engineer 4.  On information and belief, Lewis was employed by

25  Wells Fargo in Roseville, California from approximately September 2000 until January 2008 as a

26  Network Engineer 4.  Wells Fargo denies that Plaintiffs' allegations correctly set forth Lewis's

27  primary duties.  Wells Fargo admits that Lewis did not receive overtime pay while employed as a

28  Network Engineer 4 for Wells Fargo because he was exempt from overtime requirements under

1  applicable law.  Wells Fargo lacks sufficient information to permit it to admit or deny the

2  remaining material allegations of paragraph 20 and, on that basis, denies each and every remaining

3  material allegation contained therein.

4       21.     Answering paragraph 21 of the Complaint, Wells Fargo admits that Plaintiff Aaron

5  Cooper was employed by Wells Fargo in Roseville, California from approximately November 2001

6  to September 2007 as a Network Engineer 4.  Wells Fargo denies that Plaintiffs' allegations

7  correctly set forth Cooper's primary duties.  Wells Fargo admits that Cooper did not receive

8  overtime pay while employed as a Network Engineer 4 for Wells Fargo because he was exempt

9  from overtime requirements under applicable law.  Wells Fargo lacks sufficient information to

10 permit it to admit or deny the remaining material allegations of paragraph 21 and, on that basis,

11 denies each and every remaining material allegation contained therein.

12      22.     Answering paragraph 22 of the Complaint, Wells Fargo lacks sufficient information

13 to permit it to admit or deny the material allegations and, on that basis, denies each and every

14 material allegation contained therein.

15      23.     Answering paragraph 23 of the Complaint, Wells Fargo admits that it is a

16 corporation that provides banking services throughout the United States.  Wells Fargo admits that

17 its corporate headquarters is in San Francisco, California.  Plaintiffs' allegation that the practices

18 described in the Complaint were performed in and emanated from Wells Fargo's headquarters in

19 San Francisco, California is so vague that no response can be formulated and, on that basis, the

20 allegation is denied.  Except as expressly admitted, Wells Fargo denies each and every material

21 allegation contained in paragraph 23 of the Complaint.

22                    **COLLECTIVE ACTION ALLEGATIONS**

23      24.     Answering paragraph 24 of the Complaint, Wells Fargo denies each and every

24 material allegation contained therein.

25      25.     Answering paragraph 25 of the Complaint, Wells Fargo denies each and every

26 material allegation contained therein.  Wells Fargo asserts that Plaintiffs have no personal

27 knowledge regarding the experience of any other purported members of the proposed Nationwide

28 FLSA Collective Plaintiffs or the proposed California Class and that Plaintiffs therefore lack any

1  proper basis for their allegations as to any such individuals.  Wells Fargo further asserts that the

2  proposed Nationwide FLSA Collective Plaintiffs are so vaguely defined as to potentially include

3  overtime exempt positions and, for that additional reason, denies each and every material allegation

4  contained in paragraph 25 of the Complaint.

5        26.     Answering paragraph 26 of the Complaint, Plaintiffs' allegation concerning the

6  application of 29 U.S.C. § 216(b) as a basis for maintaining their action as an "opt-in" collective

7  action is a legal conclusion to which no response is required.  Wells Fargo denies each and every

8  material allegation contained in paragraph 26 of the Complaint.  Wells Fargo further asserts that

9  Plaintiffs have no personal knowledge regarding the experience of any other purported members of

10  the proposed Nationwide FLSA Collective Plaintiffs and that Plaintiffs therefore lack any proper

11  basis for their allegations as to any such individuals.

12        27.     Answering paragraph 27 of the Complaint, Wells Fargo lacks sufficient information

13  and belief to permit it to admit or deny Plaintiffs' allegation that the names and addresses of the

14  proposed Nationwide FLSA Collective Plaintiffs are available from Well's Fargo's records and, on

15  that basis, denies that allegation.  Wells Fargo denies each and every remaining material allegation

16  in Paragraph 27 of the Complaint.  Wells Fargo asserts that the definition of the proposed

17  "Nationwide FLSA Collective Plaintiffs" is vague, ambiguous, and unidentifiable for reasons

18  including, but not limited to, the fact that it does not identify the positions purportedly included.

19  <u>**CALIFORNIA CLASS ACTION ALLEGATIONS**</u>

20        28.     Answering paragraph 28 of the Complaint, Wells Fargo denies each and every

21  material allegation contained therein.

22        29.     Answering paragraph 29 of the Complaint, Wells Fargo denies that the California

23  Class is so numerous that joinder of all members is impracticable.  Wells Fargo lacks sufficient

24  information to permit it to admit or deny Plaintiffs' allegations regarding the number of persons

25  who allegedly satisfy the definition of the proposed California Class and, on that basis, denies the

26  allegations.  Wells Fargo asserts that the definition of the proposed "California Class" is vague,

27  ambiguous, and unidentifiable for reasons including, but not limited to, the fact that it does not

28  identify the positions purportedly included.

Case No.  CV-08-2670-CW
DEFENDANT WELLS FARGO BANK, N.A.'S
ANSWER TO COMPLAINT

1    30.    Answering paragraph 30 of the Complaint, Wells Fargo denies each and every
2    material allegation contained therein.

3         a.    Answering paragraph 30(a) of the Complaint, Wells Fargo denies each and
4    every material allegation contained therein.

5         b.    Answering paragraph 30(b) of the Complaint, Wells Fargo denies each and
6    every material allegation contained therein.

7         c.    Answering paragraph 30(c) of the Complaint, Wells Fargo denies each and
8    every material allegation contained therein.

9         d.    Answering paragraph 30(d) of the Complaint, Wells Fargo denies each and
10   every material allegation contained therein.

11        e.    Answering paragraph 30(e) of the Complaint, Wells Fargo denies each and
12   every material allegation contained therein.

13        f.    Answering paragraph 30(f) of the Complaint, Wells Fargo denies each and
14   every material allegation contained therein.

15   31.    Answering paragraph 31 of the Complaint, Wells Fargo denies each and every
16   material allegation contained therein.

17   32.    Answering paragraph 32 of the Complaint, Wells Fargo denies each and every
18   material allegation contained therein.

19   33.    Answering paragraph 33 of the Complaint, Plaintiffs' allegations concerning the
20   applicability of Fed. R. Civ. P. 23(b)(2) as a basis for class certification of their Second, Third,
21   Fourth, Fifth, and Sixth Claims for Relief are legal conclusions to which no response is required.
22   Wells Fargo denies each and every material allegation contained in paragraph 33 of the Complaint.

23   34.    Answering paragraph 34 of the Complaint, Plaintiffs allegations concerning the
24   applicability of Fed. R. Civ. P. 23(b)(3) as a basis for class certification of their Second, Third,
25   Fourth, Fifth, and Sixth Claims for Relief are legal conclusions to which no response is required.
26   Wells Fargo denies each and every material allegation contained in paragraph 34 of the Complaint.

27   35.    Answering paragraph 35 of the Complaint, Wells Fargo lacks sufficient information
28   to permit it to admit or deny the allegations of this paragraph and, on that basis, denies each and

7

1  every material allegation contained in therein. Wells Fargo asserts that no notice to members of the

2  proposed California Class is appropriate and that, in any case, such notice must be ordered by the

3  Court on terms set forth by the Court if so ordered.

4  **ERISA CLASS ACTION ALLEGATIONS**

5      36.    Answering paragraph 36 of the Complaint, Plaintiffs allegations concerning the

6  applicability of Fed. R. Civ. P. 23(a), (b)(1), and/or (b)(2) are legal conclusions to which no

7  response is required. Wells Fargo denies each and every material allegation contained in paragraph

8  36 of the Complaint.

9      37.    Answering paragraph 37 of the Complaint, Wells Fargo denies each and every

10  material allegation contained therein.

11      38.    Answering paragraph 38 of the Complaint, Wells Fargo lacks sufficient information

12  to permit it to admit or deny Plaintiffs' allegations concerning the commonality of questions of law

13  and fact in the case and, on that basis, denies each and every material allegation contained therein.

14          a.    Answering paragraph 38(a) of the Complaint, Wells Fargo denies each and

15  every material allegation contained therein.

16          b.    Answering paragraph 38(b) of the Complaint, Wells Fargo denies each and

17  every material allegation contained therein.

18          c.    Answering paragraph 38(c) of the Complaint, Wells Fargo denies each and

19  every material allegation contained therein.

20          d.    Answering paragraph 38(d) of the Complaint, Wells Fargo denies each and

21  every material allegation contained therein.

22          e.    Answering paragraph 38(e) of the Complaint, Wells Fargo denies each and

23  every material allegation contained therein.

24      39.    Answering paragraph 39 of the Complaint, Wells Fargo admits that it did not require

25  Plaintiffs to clock in or out of work, keep a timesheet, or otherwise document their hours worked

26  because Plaintiffs were exempt from overtime requirements and Wells Fargo consequently had no

27  duty to record their hours worked. Except as expressly admitted, Wells Fargo denies each and

28  every material allegation in paragraph 39 of the Complaint. Wells Fargo further asserts that

300466.2

1  Plaintiffs have no personal knowledge regarding the experience of any other purported members of

2  the proposed ERISA Class and that Plaintiffs therefore lack any proper basis for their allegations as

3  to any such individuals.

4      40.    Answering paragraph 40 of the Complaint, Wells Fargo denies each and every

5  material allegation contained therein.

6      41.    Answering paragraph 41 of the Complaint, Plaintiffs' allegations concerning the

7  applicability of Fed. R. Civ. P. 23(b)(1) and/or Fed. R. Civ. P. 23(b)(2) as a basis for class

8  certification of their Seventh and Eighth Claims for Relief are legal conclusions to which no

9  response is required.  Wells Fargo denies each and every material allegation in paragraph 41 of the

10  Complaint.

11      42.    Answering paragraph 42 of the Complaint, Wells Fargo lacks sufficient information

12  to permit it to admit or deny the allegations of this paragraph and, on that basis, denies each and

13  every material allegation contained therein.  Wells Fargo asserts that no notice to members of the

14  proposed ERISA Class is appropriate and that, in any case, such notice must be ordered by the

15  Court on terms set forth by the Court if so ordered.

16  **FIRST CLAIM FOR RELIEF**

17      43.    Answering paragraph 43 of the Complaint, Wells Fargo realleges and incorporates

18  by reference the above paragraphs as if they were set forth herein.

19      44.    Answering paragraph 44 of the Complaint, Plaintiffs' allegation that Wells Fargo is

20  an "employer" engaged in interstate "commerce" and/or in the production of "goods" for

21  "commerce" within the meaning of 29 U.S.C. §§ 216(b) and 256 is a legal conclusion to which no

22  response is required.  Plaintiffs' allegation that Wells Fargo has employed, and continues to

23  employ, "employee[s]" including Plaintiffs, and each of the collective Nationwide FLSA

24  Collective Plaintiffs, is a legal conclusion to which no response is required.  Wells Fargo admits

25  that, at all relevant times, it had gross operating revenues in excess of $500,000.  Except as

26  expressly admitted, Wells Fargo denies each and every material allegation in paragraph 44 of the

27  Complaint.

28      45.    Answering paragraph 45 of the Complaint, Wells Fargo lacks sufficient information

1  to permit it to admit or deny the material allegations and, on that basis, denies each and every

2  material allegation contained therein.

3      46.    Answering paragraph 46 of the Complaint, Plaintiffs' allegation is a legal

4  conclusion to which no response is required.

5      47.    Answering paragraph 47 of the Complaint, Wells Fargo denies each and every

6  material allegation contained therein.

7      48.    Answering paragraph 48 of the Complaint, Wells Fargo admits that it did not pay

8  overtime premiums to employees who were exempt from overtime requirements under applicable

9  law for hours worked in excess of forty hours per week.  Except as expressly admitted, Wells Fargo

10  denies each and every material allegation in paragraph 48 of the Complaint.  Wells Fargo further

11  asserts that the proposed Nationwide FLSA Collective Plaintiffs are so vaguely defined as to

12  potentially include overtime exempt positions and, for that additional reason, denies each and every

13  material allegation contained in paragraph 48 of the Complaint.

14      49.    Answering paragraph 49 of the Complaint, Wells Fargo denies each and every

15  material allegation contained therein.

16      50.    Answering paragraph 50 of the Complaint, Wells Fargo admits that it did not require

17  Plaintiffs to clock in or out of work, keep a timesheet, or otherwise document their hours worked

18  because Plaintiffs were exempt from overtime requirements and Wells Fargo consequently had no

19  duty to record their hours worked.  Except as expressly admitted, Wells Fargo denies each and

20  every material allegation in paragraph 50 of the Complaint.

21      51.    Answering paragraph 51 of the Complaint, Wells Fargo denies each and every

22  material allegation contained therein.

23      52.    Answering paragraph 52 of the Complaint, Wells Fargo denies each and every

24  material allegation contained therein.

25      53.    Answering paragraph 53 of the Complaint, Wells Fargo denies each and every

26  material allegation contained therein.

27                    **SECOND CLAIM FOR RELIEF**

28      54.    Answering paragraph 54 of the Complaint, Wells Fargo realleges and incorporates

1  by reference the above paragraphs as if they were set forth herein.

2      55.    Answering paragraph 55 of the Complaint, Plaintiffs' allegation is a legal

3  conclusion to which no response is required.

4      56.    Answering paragraph 56 of the Complaint, Wells Fargo denies each and every

5  material allegation contained therein.

6      57.    Answering paragraph 57 of the Complaint, Wells Fargo lacks sufficient information

7  to permit it to admit or deny the material allegations and, on that basis, denies each and every

8  material allegation contained therein.

9      58.    Answering paragraph 58 of the Complaint, Wells Fargo denies each and every

10  material allegation contained therein.

11      59.    Answering paragraph 59 of the Complaint, Wells Fargo denies each and every

12  material allegation contained therein.

13                          **THIRD CLAIM FOR RELIEF**

14      60.    Answering paragraph 60 of the Complaint, Wells Fargo realleges and incorporates

15  by reference the above paragraphs as if they were set forth herein.

16      61.    Answering paragraph 61 of the Complaint, Plaintiffs' allegation is a legal

17  conclusion to which no response is required.

18      62.    Answering paragraph 62 of the Complaint, Wells Fargo denies each and every

19  material allegation contained therein.

20      63.    Answering paragraph 63 of the Complaint, Wells Fargo admits that more than thirty

21  days have passed since Plaintiffs ended their employment with Wells Fargo.  Wells Fargo lacks

22  sufficient information to permit it to admit or deny the allegations regarding unidentified members

23  of Plaintiffs' proposed California Class and, on that basis, denies each and every remaining

24  material allegation in paragraph 63 of the Complaint.

25      64.    Answering paragraph 64 of the Complaint, Wells Fargo denies each and every

26  material allegation contained therein.

27                          **FOURTH CLAIM FOR RELIEF**

28      65.    Answering paragraph 65 of the Complaint, Wells Fargo realleges and incorporates

1  by reference the above paragraphs as if they were set forth herein.

2        66.    Answering paragraph 66 of the Complaint, Wells Fargo denies that it knowingly and

3  intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*,

4  hours worked, to Plaintiffs and members of Plaintiffs' proposed California Class in accordance

5  with Labor Code § 226(a) and the IWC Wage Orders.  Wells Fargo denies that Plaintiffs and any

6  members of Plaintiffs' proposed California Class have suffered any injury as a result of Wells

7  Fargo's conduct.  Wells Fargo admits that it did not require Plaintiffs to clock in or out of work,

8  keep a timesheet, or otherwise document their hours worked because Plaintiffs were exempt from

9  overtime requirements and Wells Fargo consequently had no duty to record their hours worked.

10  Wells Fargo denies that it was required to maintain such records by Labor Code § 1174(d).  Except

11  as expressly admitted or denied, Wells Fargo denies each and every material allegation in

12  paragraph 66 of the Complaint

13        67.    Answering paragraph 67 of the Complaint, Wells Fargo denies each and every

14  material allegation contained therein.

15  **FIFTH CLAIM FOR RELIEF**

16        68.    Answering paragraph 68 of the Complaint, Wells Fargo realleges and incorporates

17  by reference the above paragraphs as if they were set forth herein.

18        69.    Answering paragraph 69 of the Complaint, Wells Fargo denies each and every

19  material allegation contained therein.

20        70.    Answering paragraph 70 of the Complaint, Wells Fargo denies each and every

21  material allegation contained therein.

22        71.    Answering paragraph 71 of the Complaint, Wells Fargo denies each and every

23  material allegation contained therein.

24        72.    Answering paragraph 72 of the Complaint, Wells Fargo denies each and every

25  material allegation contained therein.

26  **SIXTH CLAIM FOR RELIEF**

27        73.    Answering paragraph 73 of the Complaint, Wells Fargo realleges and incorporates

28  by reference the above paragraphs as if they were set forth herein.

1    74.    Answering paragraph 74 of the Complaint, Wells Fargo denies each and every

2    material allegation contained therein.

3    75.    Answering paragraph 75 of the Complaint, Wells Fargo denies each and every

4    material allegation contained therein.

5    76.    Answering paragraph 76 of the Complaint, Plaintiffs' allegations referencing

6    statutory sections are legal conclusions to which no response is required.  Wells Fargo denies each

7    and every material allegation in paragraph 76 of the Complaint.

8    77.    Answering paragraph 77 of the Complaint, Wells Fargo denies each and every

9    material allegation contained therein.

10    78.    Answering paragraph 78 of the Complaint, Wells Fargo denies each and every

11    material allegation contained therein.

12    79.    Answering paragraph 79 of the Complaint, Wells Fargo denies each and every

13    material allegation contained therein.

14    80.    Answering paragraph 80 of the Complaint, Wells Fargo denies each and every

15    material allegation contained therein.

16                                **SEVENTH CLAIM FOR RELIEF**

17    81.    Answering paragraph 81 of the Complaint, Wells Fargo realleges and incorporates

18    by reference the above paragraphs as if they were set forth herein.

19    82.    Answering paragraph 82 of the Complaint, Plaintiffs' allegations are legal

20    conclusions to which no response is required.

21    83.    Answering paragraph 83 of the Complaint, Plaintiffs' allegations regarding the

22    applicability of terms within the meaning of 29 U.S.C. § 1002(2) and 29 U.S.C. § 1002(3) are legal

23    conclusions to which no response is required.

24    84.    Answering paragraph 84 of the Complaint, Plaintiffs' allegations are legal

25    conclusions to which no response is required.

26    85.    Answering paragraph 85 of the Complaint, Wells Fargo admits that it did not require

27    Plaintiffs to clock in or out of work, keep a timesheet, or otherwise document their hours worked

28    because Plaintiffs were exempt from overtime requirements and Wells Fargo consequently had no

Case No.  CV-08-2670-CW
DEFENDANT WELLS FARGO BANK, N.A.'S
ANSWER TO COMPLAINT

300466.2

1  duty to record their hours worked.  Wells Fargo denies that it has violated ERISA.  Except as

2  expressly admitted, Wells Fargo denies each and every material allegation in paragraph 85 of the

3  Complaint.

4         86.    Answering paragraph 86 of the Complaint, Wells Fargo denies each and every

5  material allegation therein.

6         87.    Answering paragraph 87 of the Complaint, Wells Fargo denies each and every

7  material allegation contained therein.

8  **EIGHTH CLAIM FOR RELIEF**

9         88.    Answering paragraph 88 of the Complaint, Wells Fargo realleges and incorporates

10  by reference the above paragraphs as if they were set forth herein.

11         89.    Answering paragraph 89 of the Complaint, Plaintiffs' allegation is a legal conclusion

12  to which no response is required.

13         90.    Answering paragraph 90 of the Complaint, Wells Fargo denies each and every

14  material allegation contained therein.

15         91.    Answering paragraph 91 of the Complaint, Wells Fargo denies each and every

16  material allegation contained therein.

17         92.    Answering paragraph 92 of the Complaint, Wells Fargo denies each and every

18  material allegation contained therein.

19         93.    Answering paragraph 93 of the Complaint, Wells Fargo denies each and every

20  material allegation contained therein.

21         94.    Answering paragraph 94 of the Complaint, Wells Fargo denies each and every

22  material allegation contained therein.

23  **NINTH CLAIM FOR RELIEF**

24         95.    Answering paragraph 95 of the Complaint, Wells Fargo realleges and incorporates

25  by reference the above paragraphs as if they were set forth herein.

26         96.    Answering paragraph 96 of the Complaint, Plaintiffs' allegations are legal

27  conclusions to which no response is required.

28         97.    Answering paragraph 97 of the Complaint, Wells Fargo lacks sufficient information

1 | to permit it to admit or deny the material allegations, and on that basis, denies each and every
2 | material allegation contained therein.

3 |     98.    Answering paragraph 98 of the Complaint, Wells Fargo denies each and every
4 | material allegation contained therein.

5 |     99.    Answering paragraph 99 of the Complaint, Wells Fargo denies each and every
6 | material allegation contained therein.

7 |     100.    Answering paragraph 100 of the Complaint, Wells Fargo denies each and every
8 | material allegation contained therein.

9 | **PRAYER FOR RELIEF**

10 |     A.    Answering paragraph A of the section of the Complaint entitled "Prayer For Relief,"
11 | Wells Fargo denies that Plaintiffs are entitled to the relief requested.

12 |     B.    Answering paragraph B of the section of the Complaint entitled "Prayer For Relief,"
13 | Wells Fargo denies that Plaintiffs are entitled to the relief requested.

14 |     C.    Answering paragraph C of the section of the Complaint entitled "Prayer For Relief,"
15 | Wells Fargo denies that Plaintiffs are entitled to the relief requested.

16 |     D.    Answering paragraph D of the section of the Complaint entitled "Prayer For Relief,"
17 | Wells Fargo denies that Plaintiffs are entitled to the relief requested.

18 |     E.    Answering paragraph E of the section of the Complaint entitled "Prayer For Relief,"
19 | Wells Fargo denies that Plaintiffs are entitled to the relief requested.

20 |     F.    Answering paragraph F of the section of the Complaint entitled "Prayer For Relief,"
21 | Wells Fargo denies that Plaintiffs are entitled to the relief requested.

22 |     G.    Answering paragraph G of the section of the Complaint entitled "Prayer For Relief,"
23 | Wells Fargo denies that Plaintiffs are entitled to the relief requested.

24 |     H.    Answering paragraph H of the section of the Complaint entitled "Prayer For Relief,"
25 | Wells Fargo denies that Plaintiffs are entitled to the relief requested.

26 |     I.    Answering paragraph I of the section of the Complaint entitled "Prayer For Relief,"
27 | Wells Fargo denies that Plaintiffs are entitled to the relief requested.

28 |     J.    Answering paragraph J of the section of the Complaint entitled "Prayer For Relief,"

1  Wells Fargo denies that Plaintiffs are entitled to the relief requested.

2      K.      Answering paragraph K of the section of the Complaint entitled "Prayer For Relief,"
3  Wells Fargo denies that Plaintiffs are entitled to the relief requested.

4      L.      Answering paragraph L of the section of the Complaint entitled "Prayer For Relief,"
5  Wells Fargo denies that Plaintiffs are entitled to the relief requested.

6      M.      Answering paragraph M of the section of the Complaint entitled "Prayer For
7  Relief," Wells Fargo denies that Plaintiffs are entitled to the relief requested.

8      N.      Answering paragraph N of the section of the Complaint entitled "Prayer For Relief,"
9  Wells Fargo denies that Plaintiffs are entitled to the relief requested.

10     O.      Answering paragraph O of the section of the Complaint entitled "Prayer For Relief,"
11 Wells Fargo denies that Plaintiffs are entitled to the relief requested.

12     P.      Answering paragraph P of the section of the Complaint entitled "Prayer For Relief,"
13 Wells Fargo denies that Plaintiffs are entitled to the relief requested.

14     Q.      Answering paragraph Q of the section of the Complaint entitled "Prayer For Relief,"
15 Wells Fargo denies that Plaintiffs are entitled to the relief requested.

16     R.      Answering paragraph R of the section of the Complaint entitled "Prayer For Relief,"
17 Wells Fargo denies that Plaintiffs are entitled to the relief requested.

18     S.      Answering paragraph S of the section of the Complaint entitled "Prayer For Relief,"
19 Wells Fargo denies that Plaintiffs are entitled to the relief requested.

20     T.      Answering paragraph T of the section of the Complaint entitled "Prayer For Relief,"
21 Wells Fargo denies that Plaintiffs are entitled to the relief requested.

22     U.      Answering paragraph U of the section of the Complaint entitled "Prayer For Relief,"
23 Wells Fargo denies that Plaintiffs are entitled to the relief requested.

24     V.      Answering paragraph V of the section of the Complaint entitled "Prayer For Relief,"
25 Wells Fargo denies that Plaintiffs are entitled to the relief requested.

26     W.      Answering paragraph W of the section of the Complaint entitled "Prayer For
27 Relief," Wells Fargo denies that Plaintiffs are entitled to the relief requested.

28     X.      Answering paragraph X of the section of the Complaint entitled "Prayer For Relief,"

1  Wells Fargo denies that Plaintiffs are entitled to the relief requested.

2      Y.    Answering paragraph Y of the section of the Complaint entitled "Prayer For Relief,"

3  Wells Fargo denies that Plaintiffs are entitled to the relief requested.

4      Z.    Answering paragraph Z of the section of the Complaint entitled "Prayer For Relief,"

5  Wells Fargo denies that Plaintiffs are entitled to the relief requested.

6      AA.   Answering paragraph AA of the section of the Complaint entitled "Prayer For

7  Relief," Wells Fargo denies that Plaintiffs are entitled to the relief requested.

8                          **AFFIRMATIVE DEFENSES**

9      Wells Fargo has not completed its investigation of the facts of this case, has not completed

10  discovery in this matter, and has not completed its preparation for trial.  The affirmative defenses

11  asserted herein are based on Wells Fargo's knowledge, information, and belief at this time and

12  Wells Fargo specifically reserves the right to modify, amend, or supplement any affirmative

13  defense contained herein at any time.  In particular, Wells Fargo cannot know what affirmative

14  defenses it may have as to the claims of unidentified individuals who have not yet joined in the

15  action.  Wells Fargo reserves the right to assert such defenses.  Subject to the preceding

16  qualifications, and without conceding that it bears the burden of proof or persuasion as to any

17  defense, Wells Fargo alleges the following separate affirmative defenses to the Complaint.

18                      **FIRST AFFIRMATIVE DEFENSE**

19                          (Failure to State a Claim)

20      The Complaint, and claim contained therein, fail to state facts sufficient to state a claim on

21  which relief can be granted.

22                      **SECOND AFFIRMATIVE DEFENSE**

23                      (Lack of Subject Matter Jurisdiction)

24      The Complaint, and each claim contained therein, or some of them, are barred because this

25  Court lacks subject matter jurisdiction over the matter as pled.

26                      **THIRD AFFIRMATIVE DEFENSE**

27              (Failure to Satisfy Requirements of a Collective Action)

28      Plaintiffs have failed to adequately plead and establish the necessary elements for collective

1   action treatment.  Plaintiffs, therefore, should be barred from maintaining this case as a collective

2   action.

3   ## FOURTH AFFIRMATIVE DEFENSE

4   (Payment of Wages/Res Judicata/Collateral Estoppel)

5       The Complaint, and each claim contained therein, is barred, in whole or in part, to the

6   extent Plaintiffs and any potential opt-in plaintiffs and/or proposed class members have ever

7   recovered in other proceedings any monies for the wages, benefits, or other compensation at issue

8   in this action.

9   ## FIFTH AFFIRMATIVE DEFENSE

10   (Privilege/Legitimate Business Reasons)

11       The Complaint, and each claim contained therein, is barred in whole or in part because

12   Wells Fargo had an honest, good faith belief that all decisions, if any, affecting Plaintiffs and any

13   potential opt-in plaintiffs and/or proposed class members were made by Wells Fargo solely for

14   legitimate, business-related reasons that were neither arbitrary, capricious, nor unlawful and were

15   reasonably based upon the facts as Wells Fargo understood them.

16   ## SIXTH AFFIRMATIVE DEFENSE

17   (Statutes of Limitations)

18       The alleged claims are barred, in whole or in part, by the applicable statutes of limitations,

19   including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339, 340, and 343;

20   California Business and Professions Code § 17208; 29 U.S.C. § 255; and 29 U.S.C. § 1113.

21   ## SEVENTH AFFIRMATIVE DEFENSE

22   (Comparative Fault)

23       Wells Fargo is not the sole and proximate cause of the alleged damages and losses, if any.

24   Any damages awarded to Plaintiffs and any potential opt-in plaintiffs and/or proposed class

25   members must be apportioned according to the respective fault and legal responsibility of all

26   parties, persons, and entities or their agents, servants, and employees who contributed to and/or

27   caused the alleged damages, if any, according to proof presented at the time of trial.

28   / / /

1

## EIGHTH AFFIRMATIVE DEFENSE

2

(Exempt Status)

3      Plaintiffs, as well as any potential opt-in plaintiffs and/or proposed class members, were

4  properly classified as exempt employees for overtime purposes under the FLSA and California law.

5  Accordingly, Wells Fargo is not liable for any alleged violations of state or federal wage and hour

6  laws applicable to non-exempt employees.

7

## NINTH AFFIRMATIVE DEFENSE

8

(Benefits of Exempt Status)

9      Wells Fargo is not liable for any alleged misclassification because the benefits received by

10  Plaintiffs and/or any potential opt-in plaintiffs by holding the exempt position outweighed the

11  burdens, if any, of the classification.

12

## TENTH AFFIRMATIVE DEFENSE

13

(Improper Joinder)

14      The Complaint, and each claim contained therein, or some of them, are barred because

15  Plaintiffs and any potential opt-in plaintiffs and/or proposed class members are improperly joined,

16  because the legal standards for determination of exempt status require a highly fact-intensive

17  analysis of the exempt nature of each job for each individual.

18

## ELEVENTH AFFIRMATIVE DEFENSE

19

(Reasonable Belief Regarding Exemption)

20      The Complaint, and each claim contained therein, are limited because Wells Fargo held a

21  reasonable and good faith belief that Plaintiffs and any potential opt-in plaintiffs and/or proposed

22  class members were exempt from the receipt of overtime compensation.

23

## TWELFTH AFFIRMATIVE DEFENSE

24

(Exclusions from Regular Rate of Pay)

25      Plaintiffs' claims, or some of them, are limited because any overtime allegedly due

26  Plaintiffs and any potential opt-in plaintiffs and/or proposed class members must be reduced by

27  those aspects of such individuals' compensation as are excluded from the regular rate of pay by

28  applicable law.  29 U.S.C. 207(e).

Case No.  CV-08-2670-CW
DEFENDANT WELLS FARGO BANK, N.A.'S
ANSWER TO COMPLAINT

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

(Laches)

3    Wells Fargo is informed and believes, and on that basis alleges, that the claims contained in

4  the Complaint, and each of them, are barred because Plaintiffs and any potential opt-in plaintiffs

5  and/or proposed class members have failed to raise their alleged claims in a timely fashion.

6

## FOURTEENTH AFFIRMATIVE DEFENSE

7

(Waiver)

8    Plaintiffs and any potential opt-in plaintiffs and/or proposed class members have waived the

9  right by reason of their conduct and actions to assert the claims alleged in the Complaint.

10

## FIFTEENTH AFFIRMATIVE DEFENSE

11

(Estoppel)

12    The claims contained in the Complaint are barred, in whole or in part, by the doctrine of

13  estoppel.

14

## SIXTEENTH AFFIRMATIVE DEFENSE

15

(Unclean Hands)

16    The claims contained in the Complaint are barred, in whole or in part, by the doctrine of

17  unclean hands.

18

## SEVENTEENTH AFFIRMATIVE DEFENSE

19

(Arbitration is Exclusive Remedy)

20    At some or all of the times alleged in the Complaint, Plaintiffs and any potential opt-in

21  plaintiffs and/or proposed class members had contracted and agreed to settle the disputes alleged in

22  the Complaint through binding arbitration.  To the extent any Plaintiffs and/or any potential opt-in

23  plaintiffs and/or any proposed class members executed such agreements, those agreements provide

24  the sole and exclusive method for resolving disputes between Wells Fargo and Plaintiffs and/or any

25  potential opt-in plaintiffs and/or proposed class members, and by the terms of such agreements

26  Plaintiffs and any potential opt-in plaintiffs and/or proposed class members are barred from

27  asserting their alleged claims in any other forum or by any other procedure to resolve said disputes.

28  / / /

Case No.  CV-08-2670-CW
DEFENDANT WELLS FARGO BANK, N.A.'S
ANSWER TO COMPLAINT

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Attorneys' Fees Not Recoverable)

Plaintiffs and any potential opt-in plaintiffs and/or proposed class members are precluded from recovering attorneys' fees from Wells Fargo under applicable provisions of law, including, but not limited to, California Business & Professions Code § 17200, *et seq.*

**NINETEENTH AFFIRMATIVE DEFENSE**

(Receipt of Meal and Rest Breaks)

Wells Fargo alleges that all required meal and rest breaks were provided to Plaintiffs and the proposed class members consistent with any and all applicable regulations, statutes, and Wage Orders, to the extent that Plaintiffs and proposed class members were entitled to meal and rest breaks.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Waiver of Meal and Rest Breaks)

Wells Fargo alleges that Plaintiffs and proposed class members by their actions voluntarily waived their right to receive meal and rest breaks.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

Wells Fargo is informed and believes, and on that basis alleges, that Plaintiffs and any potential opt-in plaintiffs and/or proposed class members, in the exercise of reasonable diligence, could have mitigated the alleged monetary damages to themselves and that they failed to exercise such reasonable diligence and have not mitigated such alleged monetary damages. By reason thereof, Plaintiffs and any potential opt-in plaintiffs and/or proposed class members are barred, in whole or in part, from recovering any damages from Wells Fargo.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Plaintiffs' Failure to Exercise Ordinary Care)

If Plaintiffs and any potential opt-in plaintiffs and/or proposed class members sustained any loss, injury, damage or detriment as alleged in the Complaint, the loss, injury, damage, or detriment was caused and contributed to by Plaintiffs and any potential opt-in plaintiffs and/or proposed class

1   members actions in that they did not exercise ordinary care on their own behalf, and in the

2   performance of their employment at the times and places alleged in the Complaint, and their own

3   actions and omissions proximately caused and contributed to the loss, injury, damage or detriment

4   alleged, and their recovery from Wells Fargo, if any, should be reduced in proportion to the

5   percentage of Plaintiffs' and any potential opt-in plaintiffs' and/or proposed class members'

6   negligence or in proportion to their fault.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Good Faith)

9       Wells Fargo acted in good faith and had reasonable grounds for believing that its actions

10  were in compliance with applicable law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Bad Faith)

13      The Complaint was brought by Plaintiffs in bad faith and is frivolous and by reason of the

14  conduct stated herein Wells Fargo is entitled to, and intends to seek, reasonable expenses, including

15  attorneys' fees, incurred in defending this action pursuant to California Code of Civil Procedure

16  § 128.7.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Failure to State a Claim for Recovery of Consequential Damages)

19      The Complaint and each claim contained therein fail to state a claim for recovery of

20  consequential damages based upon wages due and owing, restitution, or any other basis.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Failure to State a Claim Under Unfair Practices Act)

23      To the extent that Plaintiffs allege a claim under California Business & Professions Code

24  § 17200, *et seq.*, such claim fails to allege facts sufficient to state a claim on which relief can be

25  granted.

26  / / /

27  / / /

28  / / /

Case No.  CV-08-2670-CW
DEFENDANT WELLS FARGO BANK, N.A.'S
ANSWER TO COMPLAINT

300466.2

1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2

(No Violation of Underlying State or Federal Law)

3  Wells Fargo is not liable for any alleged unlawful or unfair business practices pursuant to

4 California Business and Professions Code § 17200, *et seq.*, because it is not liable to Plaintiffs or

5 any potential opt-in plaintiffs and/or proposed class members for any alleged violation of any

6 underlying state or federal laws.

7

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

8

(Benefits of Business Practice)

9  Wells Fargo is not liable for any alleged unlawful or unfair business practices pursuant to

10 California Business and Professions Code § 17200, *et seq.*, because the benefits of Wells Fargo's

11 practices with respect to Plaintiffs and any potential opt-in plaintiffs and/or proposed class

12 members outweigh whatever particular harm or impact the practices allegedly caused.

13

## TWENTY-NINTH AFFIRMATIVE DEFENSE

14

(No Unfair, Misleading, or Deceptive Business Practice)

15  Wells Fargo is not liable for any alleged unlawful or unfair business practices pursuant to

16 California Business and Professions Code § 17200, *et seq.*, because its business practices were not

17 unfair, deceptive, or likely to mislead anyone.

18

## THIRTIETH AFFIRMATIVE DEFENSE

19

(No Willfulness)

20  Wells Fargo did not act willfully or with knowledge or reckless disregard as to whether its

21 conduct violated applicable law, including but not limited to ERISA, the FLSA, or California wage

22 and hour laws.

23

## THIRTY-FIRST AFFIRMATIVE DEFENSE

24

(Good Faith Dispute Regarding Wage Payments)

25  The Complaint and each claim contained therein fail to state a claim for penalties under

26 California Labor Code § 203 because there is a good faith dispute as to Well's Fargo's obligation

27 to pay any wages which may be found due.

28 / / /

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(No Knowledge, Authorization, or Ratification)

Wells Fargo is not liable for the alleged damages because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, such person or entity did so without the knowledge, authorization, or ratification of Wells Fargo.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Reasonable Deportment)

The claims contained in the Complaint are barred because Wells Fargo was acting in reasonable deportment.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Offset)

The Complaint, and each claim contained therein, is barred to the extent that the claims of Plaintiffs and any potential opt-in plaintiffs and/or proposed class members are subject to an offset, representing amounts improperly obtained from Wells Fargo or which would constitute unjust enrichment of Plaintiffs and any potential opt-in plaintiffs and/or proposed class members.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

The Complaint is barred because Plaintiffs and any potential opt-in plaintiffs and/or proposed class members would be unjustly enriched if they prevail on the causes of action in the Complaint.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

The Complaint, and each claim contained therein, is barred to the extent Plaintiffs and any potential opt-in plaintiffs and/or proposed class members lack standing to assert these matters against Wells Fargo.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

(Fault of Others)

If and to the extent Plaintiffs and any potential opt-in plaintiffs and/or proposed class

1  members have sustained any damages, other third parties for whom Wells Fargo is not legally

2  responsible are solely responsible for the acts complained of in the Complaint and the alleged

3  damages arising therefrom such that equitable and express principles of indemnity apply to this

4  action, thus barring recovery from Wells Fargo.

5  <u>**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**</u>

6  (Reliance on Opinion Letter or Regulation)

7  The Complaint, and each claim contained therein, is barred to the extent Wells Fargo's

8  actions were in good faith, in conformity with, and in reliance on a written administrative

9  regulation, order, ruling, approval, opinion letter, or interpretation of the Department of Labor, or

10  any administrative practice or enforcement policy of such agency. <u>Frank v. McQuigg</u>, 950 F.2d

11  590 (9th Cir. 1991); 29 U.S.C. § 259.

12  <u>**THIRTY-NINTH AFFIRMATIVE DEFENSE**</u>

13  (Lack of Consideration)

14  Plaintiffs' Complaint and the alleged contractually based claims contained therein are

15  barred for lack of consideration.

16  <u>**FORTIETH AFFIRMATIVE DEFENSE**</u>

17  (Failure to Satisfy Requirements of a Class Action)

18  Plaintiffs and the proposed class members have failed to plead adequately and establish the

19  elements which are necessary for class action treatment, and therefore should be barred from

20  seeking to certify this case as a class action, including because there is no ascertainable class and

21  no well-defined community of interest among the purported class members.

22  <u>**FORTY-FIRST AFFIRMATIVE DEFENSE**</u>

23  (Failure of Predominant Common Questions of Law or Fact)

24  Plaintiffs and the proposed class members have failed to adequately plead the elements

25  which are necessary for class action treatment, and therefore should be barred from seeking to

26  certify this case as a class action, including because there are no predominant common questions of

27  law or fact between the purported class representatives and the purported class members.

28  / / /

25

1    **FORTY-SECOND AFFIRMATIVE DEFENSE**

2    (Failure of Class Representatives to Have Claims Typical of the Class)

3        Plaintiffs and the proposed class members have failed to adequately plead the elements

4    which are necessary for class action treatment, and should therefore be barred from seeking to

5    certify this case as a class action, including because the proposed class representatives do not have

6    claims typical of the purported class members.

7    **FORTY-THIRD AFFIRMATIVE DEFENSE**

8    (Failure to Qualify as Class Representatives)

9        The alleged causes of action are barred, in whole or in part, as a class action because

10   Plaintiffs do not meet the requirements for class representatives.

11   **FORTY-FOURTH AFFIRMATIVE DEFENSE**

12   (Class Action Not Superior Method of Adjudication)

13       The alleged causes of action are barred, in whole or in part, as a class action because a class

14   action is not the superior method for adjudicating this dispute.

15   **FORTY-FIFTH AFFIRMATIVE DEFENSE**

16   (Accord and Satisfaction)

17       Plaintiffs' and the proposed class members' and/or collective action plaintiffs' claims, and

18   each of them, are barred, in whole or in part, by the doctrine of accord and satisfaction.

19   **FORTY-SIXTH AFFIRMATIVE DEFENSE**

20   (Release)

21       Plaintiffs' and any potential opt-in plaintiffs' and/or proposed class members' alleged

22   claims, and each of them, are barred, in whole or in part, by the doctrine of release.

23   **FORTY-SEVENTH AFFIRMATIVE DEFENSE**

24   (Failure to Join Indispensable Parties)

25       The Complaint, and each claim contained therein, is barred, in whole or in part, because

26   Plaintiffs have failed to join indispensable parties.

27   / / /

28   / / /

1

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

2

(Violation of Constitutional Rights)

3    Any award of relief as sought by Plaintiffs and any potential opt-in plaintiffs and/or

4 proposed class members would violate the due process and excessive fine clauses of the Fifth,

5 Eighth, and Fourteenth Amendments of the United States Constitution, as well as the Constitution

6 of the State of California.

7

**FORTY-NINTH AFFIRMATIVE DEFENSE**

8

(Plaintiffs' Prior Material Breaches Bar Recovery)

9    Plaintiffs are barred, in whole or in part, from recovering on any contract alleged in the

10 Complaint because Plaintiffs materially breached any contract that they may have had with Wells

11 Fargo, prior to any alleged breach thereof by Wells Fargo.

12

**FIFTIETH AFFIRMATIVE DEFENSE**

13

(Performance)

14    If any contract alleged in the Complaint imposed any obligations on Wells Fargo, Wells

15 Fargo substantially complied with any and all such obligations.

16

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

17

(Unenforceable Contract)

18    Plaintiffs claims based on the purported existence of a contract are barred, in whole or in

19 part, to the extent that certain provisions of the alleged contract are not legally binding provisions

20 and do not contain legally binding terms.

21

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

22

(Failure to Exhaust Administrative Remedies)

23    The claims alleged in the Complaint are barred, in whole or in part, because Plaintiffs and

24 any proposed class members failed to exhaust their administrative remedies and failed to comply

25 with the statutory prerequisites to bringing suit set forth in ERISA.  Further, Plaintiffs and any

26 proposed class members have failed to satisfy all conditions precedent to payment of benefits under

27 the Wells Fargo Cash Balance Plan.

28 / / /

27

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

(Breach of Fiduciary Duty – Plaintiffs)

To the extent Plaintiffs and/or proposed class members were damaged as a result of matters alleged in the Complaint, their damages, if any, were caused by their own actions and breaches of fiduciary duty.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

(No Breach of Fiduciary Duty – Wells Fargo)

At all times herein mentioned, Wells Fargo acted in the utmost good faith and in the best interest of Plaintiffs and/or proposed class members.  To the extent Wells Fargo has any fiduciary duty to Plaintiffs and/or proposed class members, there was no beach of that fiduciary duty by Wells Fargo as alleged in the Complaint.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

(Additional Defenses)

Wells Fargo alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Wells Fargo reserves herein the right to assert additional defenses in the event discovery or an investigation indicates that it would be appropriate.  Wells Fargo alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.

**PRAYER**

WHEREFORE, Wells Fargo prays for judgment as follows:

1.    That judgment be entered in favor of Wells Fargo and against Plaintiffs and the proposed class members;

2.    That Plaintiffs and the proposed class members and potential collective action plaintiffs take nothing by their Complaint and that the Complaint herein be dismissed, in its entirety, with prejudice;

3.    That Wells Fargo be awarded its costs of suit herein;

4.    That Wells Fargo be awarded reasonable attorneys' fees pursuant to California

1  Labor Code § 218.5 and any other applicable statute as may be determined by the Court; and

2      5.      For such other relief as the Court may deem just and proper.

3  Dated:  June 30, 2008              CARLTON DiSANTE & FREUDENBERGER LLP
                                      Timothy M Freudenberger
4                                     Alison L. Tsao
                                      Kent J. Sprinkle
5

6
                                      By:   /S/ - Alison L. Tsao
7                                                   Alison L. Tsao
                                      Attorneys for Defendant
8                                     WELLS FARGO BANK, N.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

300466.2                                          Case No.  CV-08-2670-CW
                                      DEFENDANT WELLS FARGO BANK, N.A.'S
                                           ANSWER TO COMPLAINT