LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

JAHAN C. SAGAFI
PARTNER

EMBARCADERO CENTER WEST
275 BATTERY STREET, 30TH FLOOR
SAN FRANCISCO, CALIFORNIA  94111-3339
TELEPHONE: (415) 956-1000
FACSIMILE: (415) 956-1008
mail@lchb.com
www.lchb.com

NEW YORK
NASHVILLE

December 11, 2008

The Honorable Claudia Wilken
U.S. District Court for the Northern District Of California
1301 Clay Street, Suite 400 S
Oakland, CA 94612-5212

      Re:    *Lewis v. Wells Fargo & Co.*, Case No. 08-2670 CW (N.D. Cal.)

Your Honor:

      We write on behalf of Plaintiffs and the potential Class members in the above-captioned case and pursuant to the Court's invitation for the parties to seek streamlined Court intervention when they have crystallized a discovery dispute.  We now seek the Court's guidance regarding four narrow discovery matters as the parties prepare for the upcoming procedural motions (FLSA collective action certification followed by Rule 23 certification) and mediation.

      Specifically, Plaintiffs seek four types of discovery:  (1) discovery with respect to all Wells Fargo employees who could be reasonably interpreted to satisfy the class definition ("all persons who were, are, or will be employed by Wells Fargo nationwide as technical support workers with the primary duties of installing, maintaining, and/or supporting computer software and/or hardware, including but not limited to Network Engineers, but excluding PC/LAN Engineers"), (2) unredacted organizational charts showing those positions, (3) timekeeping data for those employees in native electronic format, and (4) payroll data for purposes of damages calculations.  Wells Fargo opposes these requests.

**BACKGROUND**

      Plaintiffs have been seeking this discovery throughout the litigation, from the initial meet and confer on July 31 to the present, in multiple extensive letters as well as live conversations.  In early October, we informed Wells Fargo that we had learned of 13 job titles that seemed likely to fall within the class definition.[1]  On December 1, a Wells Fargo technical

---

[1] Those positions are Applications Systems Engineer, Computer Operations Technician, E-Systems Consultant, Information Security Analyst, Information Security Engineer, Operations System Analyst, Operations System Engineer, Systems Support Analyst, Technical Services Specialist, Web Administrator, Web Support Engineer, Web Systems Analyst, and Web Systems Engineer.

The Honorable Claudia Wilken
December 11, 2008
Page 2


support worker in a non-Network Engineer position opted into the litigation, further bolstering Plaintiffs' position on the scope of the class.

**ARGUMENT**

      **1.**     **Scope**

The issue of scope is fairly straightforward.  Plaintiffs seek discovery regarding the potential class members, but Wells Fargo has refused, unilaterally limiting the potential class to Network Engineers.  This limitation is inappropriate.  Plaintiffs are simply seeking discovery to enable them to understand matters relevant to their claims, so that they can submit targeted, reasonable certification motions and offer informed positions at mediation.

Given that courts often certify FLSA and Rule 23 classes including multiple job titles, discovery to learn the existence of and details regarding those job titles is appropriate. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) ("[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members.") (internal quotations and citations omitted).  For example, in a similar action in this court involving this defendant, *Gerlach v. Wells Fargo & Co.*, No. C 05-0585 CW, 2006 WL 824652 (N.D. Cal. March 28, 2006), this court granted FLSA collective action certification of a class of three job titles[2] despite the fact that the lone named plaintiff occupied only one of those titles.  *Id.* at *1, n.3.  *See also Wertheim v. State of Arizona*, No. CIV 92-453 PHX RCB, 1993 WL 603552, at *4 (D. Ariz. Sept. 30, 1993) (granting FLSA certification to a class of "[Latent Prints Examiners], Criminalists, Laboratory Technicians, Questioned Document Analysts, Polygraph Examiners, and Criminal Intelligence Analysts" where plaintiff was only in one position); *Herring v. Hewitt Associates, Inc.*, No. 06-267 (GEB), 2007 WL 2121693, at *8 (D.N.J. July 24, 2007) (granting FLSA certification to a class of three job positions, where plaintiffs were only in one position, despite the defendant's objection that the positions "differ markedly").

      **2.**     **Unredacted organizational charts**

Wells Fargo has produced a few organizational charts showing how Network Engineers fit into the larger organization.  However, those charts are heavily redacted, which limits their usefulness.  *See, e.g.*, Exhibit A (WFB0002257) (organizational chart with 23 completely blank boxes and one filled-in box); Exhibit B (WFB0001621) (showing the Network Engineer position interspersed with blank spaces that appear to be used for colleagues of Network Engineers in other job titles).

Those redactions are inappropriate.  The information is highly relevant as Plaintiffs seek to understand where potential class members are situated in the organization, whom they work with and report to, and what type of work they perform.  Privacy should not be a concern, since the parties have submitted a confidentiality order to protect employees' and Wells Fargo's privacy rights.

---

[2] Wells Fargo claimed that there were no employees in one of those titles during the relevant period.

### 3. Electronic timekeeping data

Wells Fargo uses an electronic timekeeping system called STAMP in which technical support workers record hours worked. *See* Exhibit C (WFB0001595) ("Team members should enter all time worked in STAMP."). The system appears able to print clear reports showing entries by pay period. *See, e.g.*, Exhibit D (WFB0000762) (chart showing five months of time data for named plaintiff Aaron Cooper). The system, even if imperfect, is probative of hours worked and therefore damages. Because it is an electronic system with information that Wells Fargo has acknowledged can be produced electronically, electronic production should be minimally burdensome.

### 4. Payroll Data

Lastly, Plaintiffs seek payroll data from which to calculate damages for mediation and liability.[3] These data conventionally include compensation information, location by state of work, job position and grade information, and other basic data by pay period. Wells Fargo has proposed providing only salary and bonus information by person and year in place of actual payroll data. By omitting the other categories of information, Wells Fargo impairs Plaintiffs' ability to make precise damages calculations for different segments of the proposed class. Because these data are electronic, they are easily produced. They are typically produced in wage and hour litigation. Any privacy concern can be addressed by the confidentiality order.

### CONCLUSION

The parties have reached an impasse. All four categories of requested discovery are critical to Plaintiffs' assessment of the strengths and weaknesses of their claims and Wells Fargo's defenses. For the foregoing reasons, Plaintiffs respectfully request that the Court order this discovery be produced.

Respectfully submitted,

Jahan C. Sagafi

792411.2

---

[3] Plaintiffs are willing to receive these data without names listed, so long as there are personal identifiers to allow Plaintiffs' damages consultant to make the appropriate calculations.