Kelly M. Dermody (Cal. Bar No. 171716)
Jahan C. Sagafi (Cal. Bar No. 224887)
LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com

Richard C. Haber (admitted *pro hac vice*)
Laura L. Volpini (admitted *pro hac vice*)
HABER POLK LLP
Eaton Center, Suite 620
1111 Superior Avenue
Cleveland, Ohio 44114
Telephone:  (216) 241-0700
Facsimile:   (216) 241-0739
E-Mail: rhaber@haberpolk.com
E-Mail: lvolpini@haberpolk.com

*Attorneys for Plaintiffs and the proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| MARTIN LEWIS, AARON COOPER, and ANISSA SCHILLING, on behalf of themselves and a class of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO & CO., <br><br> Defendant. | Case No.  08-2670 CW <br><br> **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF FLSA, ERISA, AND STATE  WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF** <br><br> **COLLECTIVE ACTION** <br><br> **CLASS ACTION** <br><br> **DEMAND FOR JURY TRIAL** |

1    Plaintiffs Martin Lewis, Aaron Cooper, and Anissa Schilling ("Plaintiffs") allege,

2    on behalf of themselves and a class of those similarly situated, as follows:

3    **JURISDICTION AND VENUE**

4    1.    This Court has federal question jurisdiction over this action pursuant to

5    28 U.S.C. § 1331; Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b);

6    and Section 501(e)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

7    § 1132(e)(1).

8    2.    This Court also has original jurisdiction over this action under the Class

9    Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are

10   100 or more members in the proposed class; (2) at least some members of the proposed class have

11   a different citizenship from Defendant; and (3) the claims of the proposed class members exceed

12   $5,000,000 in the aggregate.

13   3.    In addition, this Court has supplemental jurisdiction under 28 U.S.C. §

14   1367 over Plaintiffs' state wage and hour law claims, because those claims derive from a

15   common nucleus of operative fact.

16   4.    This Court is empowered to issue a declaratory judgment pursuant to

17   28 U.S.C. §§ 2201 and 2202.

18   5.    The Northern District of California has personal jurisdiction over Wells

19   Fargo & Co. ("Defendant" or "Wells Fargo"), because it is headquartered in San Francisco,

20   California, is doing business in California, and in this district, and because many of the acts

21   complained of and giving rise to the claims alleged occurred in California and in this District.

22   6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because

23   Defendant resides in this district and because a substantial part of the events giving rise to the

24   claims occurred in this District.

25   7.    Intradistrict assignment:  Pursuant to N.D. Cal. Local Rule 3-2(c) and (d),

26   intradistrict assignment to the San Francisco / Oakland Division is proper because a substantial

27   part of the events that give rise to the claims asserted occurred in San Francisco.

28

## SUMMARY OF CLAIMS

8.      Plaintiffs were employed by Wells Fargo as technical support workers. Technical support workers at Wells Fargo have the primary duties of installing, maintaining, and/or supporting computer software and/or hardware for Wells Fargo.  They were and/or are misclassified by Wells Fargo as exempt from the overtime provisions of the FLSA and/or applicable state wage and hour laws, as described below.

9.      Plaintiffs bring this action on behalf of themselves and all persons who were, are, or will be employed by Wells Fargo nationwide as technical support workers with the primary duties of installing, maintaining, and/or supporting computer software and/or hardware, including but not limited to Network Engineers, but excluding PC/LAN Engineers (collectively, the "Class Positions"), at any time within the three years prior to the filing of the initial Complaint through the date of the final disposition of this action (the "Nationwide FLSA Period"), and who were, are, or will be misclassified by Wells Fargo as exempt from overtime pay under federal law.  This group is hereinafter referred to as the "Nationwide FLSA Collective Plaintiffs."

10.     Plaintiffs Lewis and Cooper (the "California Named Plaintiffs") also bring this action on behalf of all persons who were, are, or will be employed by Wells Fargo in California in the Class Positions (hereinafter "the California Class"), at any time within the four years prior to the date of the filing of the initial Complaint through the date of the final disposition of this action (the "California Class Period"), and who were, are, or will be improperly misclassified as exempt from overtime pay under California law.

11.     Plaintiff Anissa Schilling (the "Minnesota Named Plaintiff") also brings this action on behalf of all persons who were, are, or will be employed by Wells Fargo in Minnesota in the Class Positions (hereinafter "the Minnesota Class"), at any time within the three years prior to the date of the filing of the First Amended Complaint through the date of the final disposition of this action (the "Minnesota Class Period"), and who were, are, or will be improperly misclassified as exempt from overtime pay under Minnesota law.

FIRST AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT– FLSA, ERISA, & STATE LAW
CASE NO. 08-2670 CW

12.     Plaintiffs also bring this action on behalf of themselves and all persons who were, are, or will be employed by Defendant nationwide in the Class Positions within the six years prior to this action's filing date through the date of the final disposition of this action ("the ERISA Class Period"), who were, are, or will be improperly classified as exempt from overtime pay under applicable state and federal laws, and who were, are, or will be covered by the Wells Fargo Cash Balance Plan ("the 401(k) Plan") (hereinafter "the ERISA Class").

13.     At all relevant times, Defendant has been the plan sponsor of the 401(k) Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).  On information and belief, Defendant has exercised actual responsibility, authority, and/or control with regard to the crediting of compensation under the 401(k) Plan, thereby making it a fiduciary of that plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

14.     On information and belief, Defendant, at all relevant times, has been and continues to be an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), the administrator of the 401(k) Plan, within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), the named fiduciary of that plan within the meaning of ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), and a fiduciary of that plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

15.     At all relevant times, Plaintiffs were employees of Defendant, within the meaning of ERISA § 3(6), 29 U.S.C. § 1002(6), and a participant in the 401(k) Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1102(7).

16.     Defendant has unlawfully classified Plaintiffs, the Nationwide FLSA Collective Plaintiffs, and the state Class members as exempt from overtime payments under federal and state laws, despite the fact that they are not exempt.  Plaintiffs, the Nationwide FLSA Collective Plaintiffs, and the state Class members worked overtime hours, as defined by the applicable federal and laws, and are and have been entitled to premium compensation at one and one-half times the regular hourly rate ("overtime compensation") for hours over forty in a week and between eight and twelve in a day, and at twice the regular hourly rate for overtime hours over twelve in a day.

1         17.     Defendant has willfully refused to pay Plaintiffs, Nationwide FLSA

2   Collective Plaintiffs, and the state Class members the required overtime compensation for

3   overtime hours worked, and has failed to keep time records as required by law.

4         18.     Defendant has failed to keep records of Plaintiffs' and the ERISA Class's

5   overtime work.  In doing so, Defendant has failed to comply with ERISA's requirement that they

6   maintain records sufficient to determine benefits due or which may become due under the 401(k)

7   Plan, as required under ERISA § 209, 29 U.S.C. § 1059.

8         19.     Defendant has failed to credit Plaintiffs and the ERISA Class for overtime

9   work as Compensation under the 401(k) Plan.  In doing so, Defendant has violated ERISA's

10   fiduciary requirement, set forth in ERISA § 404, 29 U.S.C. § 1104.

11         20.     Defendant's practices violate the FLSA, ERISA, and the state laws pled

12   herein.  Plaintiffs seek injunctive and declaratory relief, overtime compensation for all overtime

13   work required, suffered, or permitted by Defendant, liquidated and/or other damages and

14   penalties as permitted by applicable law, interest, and attorneys' fees and costs.

15                     **THE PARTIES**

16         21.     Plaintiff Martin Lewis was employed by Wells Fargo in Roseville,

17   California from approximately September 2000 to December 2007 as a Network Engineer.

18   Mr. Lewis had the primary duties of installing, maintaining, and supporting computer software

19   and/or hardware.  He worked for Wells Fargo in a Class Position during the FLSA Class Period,

20   the ERISA Class Period, and the California Class Period.  Mr. Lewis worked hours in excess of

21   forty hours per week and in excess of eight hours per day, without receiving overtime

22   compensation as required by both California and federal law.

23         22.     Plaintiff Aaron Cooper was employed by Wells Fargo in Roseville,

24   California from approximately November 2001 to September 2007 as a Network Engineer.

25   Mr. Cooper had the primary duties of installing, maintaining, and supporting computer software

26   and/or hardware.  He worked for Wells Fargo in a Class Position during the FLSA Class Period,

27   the ERISA Class Period, and the California Class Period.  Mr. Cooper worked hours in excess of

28

1  forty hours per week and in excess of eight hours per day, without receiving overtime

2  compensation as required by both California and federal law.

3       23.    Plaintiff Anissa Schilling was employed by Wells Fargo in Minneapolis,

4  Minnesota from approximately December 2001 to January 2007 as a Network Engineer.

5  Ms. Schilling had the primary duties of installing, maintaining, and supporting computer software

6  and/or hardware.  She worked for Wells Fargo in a Class Position during the FLSA Class Period,

7  the ERISA Class Period, and the Minnesota Class Period.  Ms. Schilling worked hours in excess

8  of forty-eight hours per week, without receiving overtime compensation as required by both

9  Minnesota and federal law.

10      24.    Plaintiffs consent to sue for violations of the FLSA, pursuant to 29 U.S.C.

11  § 216(b) and 256.

12      25.    Defendant Wells Fargo is a corporation providing banking services

13  throughout the United States and the world, with its corporate headquarters located in San

14  Francisco, California.  The practices described herein were performed in and emanated from

15  Wells Fargo's headquarters in San Francisco, California.

16            **COLLECTIVE ACTION ALLEGATIONS**

17      26.    Plaintiffs bring the First Claim for Relief for violation of the FLSA as a

18  collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all

19  Nationwide FLSA Collective Plaintiffs.

20      27.    Plaintiffs and Nationwide FLSA Collective Plaintiffs are similarly situated

21  in that they have substantially similar job requirements and pay provisions, and are subject to

22  Defendant Wells Fargo's common practice, policy, or plan of unlawfully characterizing

23  Nationwide FLSA Collective Plaintiffs as exempt employees and refusing to pay them overtime

24  in violation of the FLSA.

25      28.    The First Claim for Relief for violations of the FLSA may be brought and

26  maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b),

27  since the claims of the Plaintiffs are similar to the claims of the Nationwide FLSA Collective

28  Plaintiffs.

FIRST AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT– FLSA, ERISA, & STATE LAW
CASE NO. 08-2670 CW

29.     The names and addresses of the Nationwide FLSA Collective Plaintiffs are available from Wells Fargo's records.  Notice should be provided to the Nationwide FLSA Collective Plaintiffs via both first class mail and posting in the offices where they have worked as soon as possible.

## CALIFORNIA CLASS ACTION ALLEGATIONS

30.     The California Named Plaintiffs bring the Second, Third, Fourth, Fifth, and Sixth Claims for Relief for violation of California's wage and hour and unfair competition laws as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all California Class members, defined in paragraph 10.

31.     The California Class is so numerous that joinder of all members is impracticable.  The California Named Plaintiffs are informed and believe, and on that basis allege, that during the California Class Period Defendant Wells Fargo has employed at least fifty persons who satisfy the definition of the California Class.

32.     Common questions of law and fact exist as to members of the California Class, including, but not limited to, the following:

a.     Whether Defendant unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, Cal. Wage Order No. 4-2001.

b.     Whether the California Named Plaintiffs and the California Class members are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

c.     Whether Wells Fargo's policy and practice of classifying the California Class members as exempt from overtime entitlement under California law and Wells Fargo's policy and practice of failing to pay overtime to the California Class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

1          d.      Whether Wells Fargo unlawfully failed to keep and furnish

2 California Class members with records of hours worked, in violation of Labor Code §§ 226 and

3 1174;

4          e.      Whether Wells Fargo's policy and practice of failing to pay its

5 employees all wages due within the time required by law after their employment ended violates

6 California law; and

7          f.      The proper measure of damages sustained and the proper measure

8 of restitution recoverable by members of the California Class.

9          33.     The California Named Plaintiffs' claims are typical of the California Class

10 members' claims.  The California Named Plaintiffs, like other California Class members, were

11 subjected to Wells Fargo's policy and practice of refusing to pay overtime in violation of

12 California law.  The California Named Plaintiffs' job duties were typical of those of other

13 California Class members.

14         34.     The California Named Plaintiffs will fairly and adequately represent and

15 protect the interests of the California Class.  The California Named Plaintiffs have retained

16 counsel competent and experienced in complex class actions, the FLSA, and state labor and

17 employment litigation.

18         35.     Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for

19 Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Wells Fargo has acted or

20 refused to act on grounds generally applicable to the California Class, making appropriate

21 declaratory and injunctive relief with respect to the California Named Plaintiffs and the California

22 Class members as a whole.  The California Named Plaintiffs and the California Class members

23 are entitled to injunctive relief to end Wells Fargo's common and uniform practice of failing to

24 properly compensate its employees for all overtime work performed for the benefit of Wells

25 Fargo.

26         36.     Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for

27 Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact

28 common to the California Class predominate over any questions affecting only individual

1    members of the California Class, and because a class action is superior to other available methods

2    for the fair and efficient adjudication of this litigation.  Wells Fargo's common and uniform

3    policies and practices unlawfully treat members of the California Class as exempt from overtime

4    pay requirements.  The damages suffered by individual California Class members are small

5    compared to the expense and burden of individual prosecution of this litigation.  In addition, class

6    certification is superior because it will obviate the need for unduly duplicative litigation that

7    might result in inconsistent judgments about Wells Fargo's practices.

8            37.     Plaintiffs intend to send notice to all members of the California Class

9    consistent with the requirements of Fed. R. Civ. P. 23.

10                        **MINNESOTA CLASS ACTION ALLEGATIONS**

11           38.     The Minnesota Named Plaintiff brings the Seventh Claim for Relief for

12   violation of Minnesota's wage and hour laws as a class action, pursuant to Fed. R. Civ. P.23 (a),

13   (b)(2), and (b)(3), on behalf of all Minnesota Class members, defined in paragraph 11.

14           39.     The Minnesota Class is so numerous that joinder of all members is

15   impracticable.  The Minnesota Named Plaintiff is informed and believe, and on that basis allege,

16   that during the Minnesota Class Period Defendant Wells Fargo has employed at least fifty persons

17   who satisfy the definition of the Minnesota Class.

18           40.     Common questions of law and fact exist as to members of the Minnesota

19   Class, including, but not limited to, the following:

20                   a.      Whether Defendant unlawfully failed to pay overtime compensation

21   in violation of Minn. Stat. § 541.07(5) and Minn. Stat. § 177.25(1);

22                   b.      Whether the Minnesota Named Plaintiff and the Minnesota Class

23   members are non-exempt employees entitled to overtime compensation for overtime hours

24   worked under the overtime pay requirements of Minnesota law;

25                   c.      Whether Wells Fargo's policy and practice of classifying the

26   Minnesota Class members as exempt from overtime entitlement under Minnesota law and Wells

27   Fargo's policy and practice of failing to pay overtime to the Minnesota Class members violate

28   applicable provisions of Minnesota law, including applicable statutory and regulatory authority;

d. Whether Wells Fargo unlawfully failed to keep and furnish Minnesota Class members with records of hours worked, in violation of the Minnesota Wage and Hour Law, 26 Minnesota Rev. Stat. § 661 *et seq.*;

e. Whether Wells Fargo's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates Minnesota law; and

f. The proper measure of damages sustained and the proper measure of restitution recoverable by members of the Minnesota Class.

41. The Minnesota Named Plaintiff's claims are typical of the Minnesota Class members' claims. The Minnesota Named Plaintiff, like other Minnesota Class members, was subjected to Wells Fargo's policy and practice of refusing to pay overtime in violation of Minnesota law. The Minnesota Named Plaintiff's job duties were typical of those of other Minnesota Class members.

42. The Minnesota Named Plaintiff will fairly and adequately represent and protect the interests of the Minnesota Class. The Minnesota Named Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

43. Class certification of the Seventh Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Wells Fargo has acted or refused to act on grounds generally applicable to the Minnesota Class, making appropriate declaratory and injunctive relief with respect to the Minnesota Named Plaintiff and the Minnesota Class members as a whole. The Minnesota Named Plaintiff and the Minnesota Class members are entitled to injunctive relief to end Wells Fargo's common and uniform practice of failing to properly compensate its employees for all overtime work performed for the benefit of Wells Fargo.

44. Class certification of the Seventh Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Minnesota Class predominate over any questions affecting only individual members of the Minnesota Class, and because a class action is superior to other available methods for the fair and efficient adjudication

1    of this litigation.  Wells Fargo's common and uniform policies and practices unlawfully treat

2    members of the Minnesota Class as exempt from overtime pay requirements.  The damages

3    suffered by individual Minnesota Class members are small compared to the expense and burden

4    of individual prosecution of this litigation.  In addition, class certification is superior because it

5    will obviate the need for unduly duplicative litigation that might result in inconsistent judgments

6    about Wells Fargo's practices.

7           45.    Plaintiffs intend to send notice to all members of the Minnesota Class

8    consistent with the requirements of Fed. R. Civ. P. 23.

9    **ERISA CLASS ACTION ALLEGATIONS**

10          46.    Plaintiffs bring the Eighth and Ninth Claims for Relief for violation of

11   ERISA as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(1), and/or (b)(2), on behalf of all

12   ERISA Class members, defined in paragraph 12.

13          47.    The ERISA Class is so numerous that joinder of all members is

14   impracticable.  Plaintiffs are informed and believe that during the ERISA Class Period, Defendant

15   employed over 100 persons who satisfy the definition of the ERISA Class.

16          48.    Questions of law and fact common to the ERISA Class as a whole include,

17   but are not limited to, the following:

18          a.     Whether Defendant failed and continues to fail to maintain accurate

19   records of actual time worked and wages earned by Plaintiffs and the ERISA Class;

20          b.     Whether Defendant failed and continues to fail to provide accurate

21   wage statements itemizing all actual time worked and wages earned by Plaintiffs and the ERISA

22   Class;

23          c.     Whether Defendant has violated and continues to violate ERISA

24   § 209(a)(1), 29 U.S.C. § 1059(a)(1), as alleged herein;

25          d.     Whether Defendant credited Plaintiffs and the ERISA Class with all

26   Compensation which they were paid or entitled to be paid for purposes of the 401(k) Plan, as

27   required by ERISA; and

28

1                e.        Whether Defendant violated ERISA's fiduciary standards by its

2 failure to credit Plaintiffs and the ERISA Class with all Compensation which they were paid or

3 entitled to be paid for purposes of the 401(k) Plan, as required by ERISA.

4                49.      Plaintiffs' claims are typical of those of the ERISA Class.  Plaintiffs, like

5 all other ERISA Class members, were subject to Defendant's policies and practices of failing to

6 record overtime worked and Defendant's policy and practice of failing to credit all overtime

7 compensation earned or owning as Compensation under the 401(k) Plan.

8                50.      Plaintiffs will fairly and adequately represent and protect the interests of

9 the ERISA Class.  Plaintiffs have retained counsel competent and experienced in complex class

10 actions and ERISA.

11               51.      Class certification of the Eighth and Ninth Claims for Relief is appropriate

12 pursuant to Fed. R. Civ. P. 23(b)(1) because adjudications with respect to individual members of

13 the class would, as a practical matter, be dispositive of the interests of the other members and/or

14 pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant acted or refused to act on grounds

15 generally applicable to the ERISA Class, making appropriate declaratory and injunctive relief

16 with respect to the Plaintiffs and the ERISA Class as a whole.

17               52.      Plaintiffs intend to send notice to all members of the ERISA Class

18 consistent with the requirements of Fed. R. Civ. P. 23.

**FIRST CLAIM FOR RELIEF**
**(Fair Labor Standards Act, 29 U.S.C. §§ 201 _et seq._,**
**Brought by Plaintiffs on Behalf of**
**Themselves and the Nationwide FLSA Collective Plaintiffs)**

22               53.      Plaintiffs, on behalf of themselves and all Nationwide FLSA Collective

23 Plaintiffs, reallege and incorporate by reference paragraphs 1 through 52 as if they were set forth

24 again herein.

25               54.      At all relevant times, Wells Fargo has been, and continues to be, an

26 "employer" engaged in interstate "commerce" and/or in the production of "goods" for

27 "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Wells

28 Fargo has employed, and continues to employ, "employee[s]," including Plaintiffs, and each of

the collective Nationwide FLSA Collective Plaintiffs.  At all relevant times, Wells Fargo has had gross operating revenues in excess of $500,000.

55.     Attached hereto are the Consent to Sue forms signed by Plaintiffs in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.  It is likely that other similarly situated individuals will sign consent forms and join as Plaintiffs on this claim in the future.

56.     The FLSA requires each covered employer, including Defendant Wells Fargo, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

57.     The Nationwide FLSA Collective Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

58.     At all relevant times, Wells Fargo, pursuant to its policies and practices, failed and refused to pay overtime premiums to the Nationwide FLSA Collective Plaintiffs for their hours worked in excess of forty hours per week.

59.     By failing to compensate Plaintiffs and the Nationwide FLSA Collective Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Wells Fargo has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

60.     By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the Nationwide FLSA Collective Plaintiffs, Wells Fargo has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

61.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

62.     Plaintiffs, on behalf of themselves and the Nationwide FLSA Collective Plaintiffs, seek recovery of attorneys' fees and costs of action to be paid by Wells Fargo, as provided by the FLSA, 29 U.S.C. § 216(b).

63.     Plaintiffs, on behalf of themselves and Nationwide FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194,**
**Brought by the California Named Plaintiffs**
**on Behalf of Themselves and the California Class)**

64.     The California Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 63 as if they were set forth again herein.

65.     California law requires an employer, such as Defendant, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week, or over eight per day.

66.     The California Named Plaintiffs and the California Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

67.     Throughout the California Class Period, and continuing through the present, the California Named Plaintiffs and the California Class members worked in excess of eight hours in a workday and/or forty hours in a workweek.  The California Named Plaintiffs and certain California Class members also worked in excess of twelve hours in a workday.

68.     During the California Class Period, Defendant misclassified the California Named Plaintiffs and the California Class members as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

69.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the California Named Plaintiffs and the California Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**THIRD CLAIM FOR RELIEF**
**(California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203,**
**Brought by the California Named Plaintiffs**
**on Behalf of Themselves and the California Class)**

70.     The California Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 69 as if they were set forth again herein.

71.     California Labor Code §§ 201 and 202 require Defendant to pay its employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

72.     The California Named Plaintiffs and all California Class members who ceased employment with Wells Fargo are entitled to unpaid compensation, but to date have not received such compensation.

73.     More than thirty days have passed since the California Named Plaintiffs and certain California Class members left Defendant's employ.

74.     As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, the California Named Plaintiffs and California Class members whose employment ended during the class period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**(California Record-Keeping Provisions,**
**Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226, 1174, & 1174.5,**
**Brought by the California Named Plaintiffs**
**on Behalf of Themselves and the California Class)**

75.     The California Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 74 as if they were set forth again herein.

76.     Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to the California Named Plaintiffs

1   and California Class members in accordance with Labor Code § 226(a) and the IWC Wage

2   Orders.  Such failure caused injury to the California Named Plaintiffs and California Class

3   members, by, among other things, impeding them from knowing the amount of wages to which

4   they are and were entitled.  At all times relevant herein, Defendant has failed to maintain records

5   of hours worked by the California Named Plaintiffs and California Class members as required

6   under Labor Code § 1174(d).

7          77.    The California Named Plaintiffs and California Class members are entitled

8   to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(a) and

9   1174(d), and further seek the amount provided under Labor Code §§ 226(e) and 1174.5, including

10  the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a

11  violation occurred and one hundred dollars ($100) per employee for each violation in a

12  subsequent pay period.

13                        **FIFTH CLAIM FOR RELIEF**
                        **(California Meal And Rest Period Provisions,**
14          **Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 218.5, 226.7, & 512,**
                    **Brought by the California Named Plaintiffs**
15                 **on Behalf of Themselves and the California Class)**

16         78.    The California Named Plaintiffs, on behalf of themselves and all members

17  of the California Class, reallege and incorporate by reference paragraphs 1 through 77 as if they

18  were set forth again herein.

19         79.    The California Named Plaintiffs and California Class members regularly

20  work and have worked in excess of five-hour shifts without being afforded at least a half-hour

21  meal break in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512

22  and Wage Order No. 4-2001, § 11(a).

23         80.    In addition, the California Named Plaintiffs and California Class members

24  regularly work and have worked without being afforded at least one ten-minute rest break, in

25  which they were relieved of all duty, per four hours of work performed or major fraction thereof,

26  as required by Labor Code §§ 226.7 and Wage Order No. 4-2001, § 12.

27         81.    As a result of Defendant's failure to afford proper meal periods, it is liable

28  to the California Named Plaintiffs and the California Class members for one hour of additional

1   pay at the regular rate of compensation for each workday that the proper meal periods were not

2   provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, § 11(b).

3        82.    As a result of Defendant's failure to afford proper rest periods, it is liable to

4   the California Named Plaintiffs and the California Class members for one hour of additional pay

5   at the regular rate of compensation for each workday that the proper rest periods were not

6   provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, § 12(b).

7                            **SIXTH CLAIM FOR RELIEF**
    **(California Unfair Competition Law, Cal. Bus. & Prof. Code §§17200 et seq.,**
8                   **Brought by the California Named Plaintiffs**
                  **on Behalf of Themselves and the California Class)**
9

10       83.    The California Named Plaintiffs, on behalf of themselves and all members

11  of the California Class, reallege and incorporate by reference paragraphs 1 through 82 as if they

12  were set forth again herein.

13       84.    The foregoing conduct, as alleged, violates the California Unfair

14  Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*  Section 17200 of the Cal.

15  Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair

16  business acts or practices.

17       85.    Beginning at a date unknown to the California Named Plaintiffs, but at

18  least as long ago as four years before the filing of this action, Defendant committed, and

19  continues to commit, acts of unfair competition, as defined by the UCL, by, among other things,

20  engaging in the acts and practices described herein.  Defendant's conduct as herein alleged has

21  injured the California Named Plaintiffs and the California Class by wrongfully denying them

22  earned wages, and therefore was substantially injurious to the California Named Plaintiffs and to

23  the California Class.

24       86.    Defendant engaged in unfair competition in violation of the UCL by

25  violating, *inter alia*, each of the following laws.  Each of these violations constitutes an

26  independent and separate violation of the UCL:

27            a.    The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*;

28            b.    California Labor Code § 1194;

1          c.      California Labor Code §§ 201, 202, 203, 204, and 226;

2          d.      California Labor Code § 1174; and

3          e.      California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

87.      Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.  Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

88.      The unlawful and unfair business practices and acts of Defendant, described above, have injured the California Class members in that they were wrongfully denied the payment of earned overtime wages.

89.      The California Named Plaintiffs, on behalf themselves and the California Class members, seek recovery of attorneys' fees and costs of this action to be paid by Wells Fargo, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

90.      The California Named Plaintiffs, on behalf of themselves and the California Class, seek restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day.

**SEVENTH CLAIM FOR RELIEF**
**(Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21 *et seq.*,**
**(Brought by the Minnesota Named Plaintiff**
**on Behalf of Herself and the Minnesota Class)**

91.     The Minnesota Named Plaintiff, on behalf of herself and all members of the Minnesota Class, realleges and incorporates by reference paragraphs 1 through Sixth90 as if they were set forth again herein.

92.     The foregoing conduct, as alleged, violate Minnesota Fair Labor Standards Act § 177.21, et seq., Minnesota Statute § 181.01 *et seq.*, and the regulations promulgated thereunder, Minnesota Rules § 5200.01 *et seq.* (collectively, "Minnesota Wage Laws").

93.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Minnesota Wage Laws.  At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including the Minnesota Named Plaintiff, and each of the members of the prospective Minnesota Class, within the meaning of the Minnesota Wage Laws.

94.     The Minnesota Wage Laws require an employer, such as Defendant, to pay overtime compensation to all non-exempt employees.  The Minnesota Named Plaintiff and members of the Minnesota Class are not exempt from overtime pay requirements under the Minnesota Wage Laws.

95.     At all relevant times, Defendant had a policy and practice of failing and refusing to pay overtime pay to the Minnesota Named Plaintiff and the Minnesota Class Members for their hours worked in excess of forty-eight hours per workweek.

96.     As a result of Defendant's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Minnesota Named Plaintiff and the Minnesota Class Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty-eight hours in a workweek, Defendant has violated, and continues to willfully violate Minnesota Wage Laws.

97.     As a result of Defendant's failure to record, report, credit, and furnish to each of its non-exempt technical support workers employed by Defendant in Minnesota,

1   including the Named Plaintiff, and members of the prospective Minnesota Class, their respective

2   wage and hour records showing all wages earned and due for all work performed, Defendant has

3   failed to make, keep, preserve, and furnish such records in violation of Minnesota Statute §

4   177.30.

5          98.    The Minnesota Named Plaintiff, on behalf of herself and members of the

6   prospective Minnesota Class, seeks recovery of attorneys' fees, costs, and expenses of this action

7   to be paid by Defendant.

8          99.    The Minnesota Named Plaintiff, on behalf of herself and members of the

9   prospective Minnesota Class, seek damages in the amount of the respective unpaid wages earned

10  and due at the regular hourly wage rate, and at a rate not less than one and one-half times the

11  regular rate of pay for work performed in excess of forty-eight hours in a workweek; punitive

12  damages; and such other legal and equitable relief as the Court deems just and proper.

**EIGHTH CLAIM FOR RELIEF**
**(ERISA § 502(a)(3) Based on Failure to Maintain Records**
**Brought by Plaintiffs**
**on Behalf of Themselves and the ERISA Class)**

16        100.    Plaintiffs, on behalf of themselves and the ERISA Class, reallege and

17  incorporate by reference paragraphs 1 through 90 as if they were set forth again herein.

18        101.    ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), requires that an employer

19  which sponsors an employee benefit plan maintain records with respect to each of its employees

20  sufficient to determine the benefits due or which may become due to such employees.

21        102.    On information and belief, the 401(k) Plan is an employee pension benefit

22  plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and an employee benefit plan

23  within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

24        103.    Pursuant to the terms of the 401(k) Plan, employees' rights to share in the

25  contributions to the Plan are dependent, in part, on their Compensation, which is defined by

26  Section 1.1(j) of the Plan's governing instrument to include, among other things, employees'

27  overtime wages.

28

104.    By its failure to record and/or report all of the hours worked by Plaintiffs and members of the prospective ERISA Class, Defendant has failed to maintain records with respect to each of its employees sufficient to determine the benefit accrual rights of 401(k) Plan participants, in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1).

105.    In order to remedy this violation of ERISA by Defendant, Plaintiffs on behalf of themselves and members of the ERISA Class seek injunctive relief, and such other equitable relief as the Court deems just and proper, as provided by Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

106.    Plaintiffs on behalf of themselves and members of the ERISA Class seek recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

**NINTH CLAIM FOR RELIEF**
**(ERISA §§ 1001 *et seq.*,**
**Brought by Plaintiffs**
**on Behalf of Themselves and the ERISA Class)**

107.    Plaintiffs, on behalf of themselves and the ERISA Class, reallege and incorporate by reference paragraphs 1 through 106 as if they were set forth again herein.

108.    ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that employee benefit plan fiduciaries discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries and, inter alia, (1) for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administration; (2) with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; and (3) in accordance with the documents and instruments governing the plan.

109.    On information and belief, Article 5 and Article 6 of the governing instrument of the 401(k) Plan confers on Defendant discretionary authority, responsibility, and/or control with respect to the crediting of compensation, thereby rendering Defendant a fiduciary in that regard.

110.    On further information and belief, Defendant has exercised actual discretionary authority, responsibility, and/or control in determining what compensation would and would not be credited under the 401(k) Plan.  By reason of the exercise of such discretion, Defendant has been a fiduciary of that plan with respect to the crediting of compensation.

111.    Defendant has breached its fiduciary duties by failing to credit compensation due for overtime performed by the Plaintiffs and the members of the ERISA Class as Compensation under the 401(k) Plan.

112.    Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the Plaintiffs on behalf of themselves and all members of the ERISA Class seek an injunction requiring Defendant to credit all members of the ERISA Class with Compensation under the 401(k) Plan for all of the past and future overtime work performed by those Class members and any such other equitable relief as this Court deems appropriate.

113.    Plaintiffs on behalf of themselves and members of the ERISA Class, seek recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

### TENTH CLAIM FOR RELIEF
#### (Breach of Contract,
#### Brought by Plaintiffs Lewis and Cooper Individually)

114.    Plaintiffs Lewis and Cooper, on behalf of themselves individually, reallege and incorporate by reference paragraphs 1 through 94 as if they were set forth again herein.

115.    The Wells Fargo & Company Salary Continuation Pay Plan (the "SCPP") constitutes a contract between the California Named Plaintiffs and Wells Fargo.  The SCPP provides that an employee whose position is eliminated or substantial changed is eligible for salary continuation in the amount of 6 to 15 months of salary, based on the employee's years of service to Wells Fargo.

116.    Plaintiffs Lewis and Cooper have attempted to assert their rights to compensation under the SCPP.

117.    Wells Fargo has to date failed to provide the compensation payable under the SCPP.  Such failure by Wells Fargo constitutes a breach of contract.

1        118.    Wells Fargo's breach of contract has proximately caused the California

2   Named Plaintiffs economic injury and other damages.

3        119.    Plaintiffs Lewis and Cooper, on behalf of themselves individually, seek

4   damages and other relief as appropriate.

5                  **PRAYER FOR RELIEF**

6        WHEREFORE, Plaintiffs on behalf of themselves and all members of the

7   Nationwide FLSA Class, pray for relief as follows:

8        A.    Designation of this action as a collective action on behalf of the

9   Nationwide FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice

10   pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class,

11   apprising them of the pendency of this action, and permitting them to assert timely FLSA claims

12   in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

13        B.    Designation of Plaintiffs as Representatives of the Nationwide FLSA

14   Collective Plaintiffs;

15        C.    A declaratory judgment that the practices complained of herein are

16   unlawful under the FLSA;

17        D.    An award of damages, according to proof, including liquidated damages, to

18   be paid by Defendant;

19        E.    Costs of action incurred herein, including expert fees;

20        F.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

21        G.    Post-Judgment interest, as provided by law; and

22        H.    Such other legal equitable relief as this Court deems necessary, just, and

23   proper.

24        WHEREFORE, each Named Plaintiff on behalf of him- or herself and all members

25   of the Class he or she represents, prays for relief as follows:

26        I.    Certification of this action as a class action on behalf of each proposed

27   Class;

28

1               J.      Designation of each Named Plaintiff as a Representative of the Class he or

2 she seeks to represent;

3               K.      A declaratory judgment that the practices complained of herein are

4 unlawful under appropriate state law;

5               L.      Appropriate equitable and injunctive relief to remedy Defendant's

6 violations of state law, including but not necessarily limited to an order enjoining Defendant from

7 continuing its unlawful practices;

8               M.      Appropriate statutory penalties;

9               N.      An award of damages, liquidated damages, and restitution to be paid by

10 Defendant according to proof;

11              O.      Pre-Judgment and Post-Judgment interest, as provided by law;

12              P.      Such other injunctive and equitable relief as the Court may deem just and

13 proper; and

14              Q.      Attorneys' fees and costs of suit, including expert fees and costs.

15         WHEREFORE, Plaintiffs on behalf of themselves and all members of the ERISA

16 Class, pray for relief as follows:

17              R.      Certification of this action as a class action on behalf of the proposed

18 ERISA Class;

19              S.      Designation of Plaintiffs as Representatives of the ERISA Class;

20              T.      A declaration that the practices complained of herein violate ERISA

21 § 209(a), 29 U.S.C. § 1129(a);

22              U.      Appropriate equitable and injunctive relief to remedy Defendant's

23 violations of ERISA § 209(a);

24              V.      A declaration that Defendant has breached its fiduciary duties by failing to

25 credit the Plaintiffs and the ERISA Class with Compensation for all work performed, as required

26 by ERISA and the terms of the 401(k) Plan;

27

28

1    W.    An order requiring that Defendant remedy its breaches of fiduciary duty by

2  crediting Plaintiffs and the ERISA Class with Compensation for all of their past, present, and

3  future uncompensated work;

4    X.    Attorneys' fees and costs of suit; and

5    Y.    Such other injunctive and equitable relief as the Court may deem

6  necessary, just, and proper.

7    WHEREFORE, Plaintiffs Lewis and Cooper on behalf of themselves individually,

8  pray for relief as follows:

9    Z.    Damages for breach of the SCPP contract; and

10    AA.    Such other relief as the Court may deem necessary, just, and proper.

11    Respectfully submitted,

12

13

Dated:  February 6, 2009

14    By: _____

          Kelly M. Dermody

15

16    Kelly M. Dermody (Cal. Bar No. 171716)
     Jahan C. Sagafi (Cal. Bar No. 224887)
     LIEFF, CABRASER, HEIMANN &
17         BERNSTEIN, LLP
     275 Battery Street, 30th Floor
18   San Francisco, CA 94111-3339
     Telephone:  (415) 956-1000
19   Facsimile:   (415) 956-1008
     E-Mail: kdermody@lchb.com
20   E-Mail: jsagafi@lchb.com

21   Richard C. Haber (admitted *pro hac vice*)
     Laura L. Volpini (admitted *pro hac vice*)
22   HABER POLK LLP
     Eaton Center, Suite 620
23   1111 Superior Avenue
     Cleveland, Ohio 44114
24   Telephone:  (216) 241-0700
     Facsimile:   (216) 241-0739
25   E-Mail: rhaber@haberpolk.com
     E-Mail: lvolpini@haberpolk.com

26   *Attorneys for Plaintiffs and the proposed Class*

27

28

FIRST AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT– FLSA, ERISA, & STATE LAW
CASE NO. 08-2670 CW

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect

3

to which they have a right to jury trial.

4

Respectfully submitted,

5

6

Dated:  February 6, 2009          By: _____

7                                        Kelly M. Dermody

8

Kelly M. Dermody (Cal. Bar No. 171716)

9
Jahan C. Sagafi (Cal. Bar No. 224887)
LIEFF, CABRASER, HEIMANN &

10
 BERNSTEIN, LLP
275 Battery Street, 30th Floor

11
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000

12
Facsimile:  (415) 956-1008
E-Mail: kdermody@lchb.com

13
E-Mail: jsagafi@lchb.com

14
Richard C. Haber (admitted *pro hac vice*)
Laura L. Volpini (admitted *pro hac vice*)

15
HABER POLK LLP
Eaton Center, Suite 620

16
1111 Superior Avenue
Cleveland, Ohio 44114

17
Telephone:  (216) 241-0700
Facsimile:   (216) 241-0739

18
E-Mail: rhaber@haberpolk.com
E-Mail: lvolpini@haberpolk.com

19
*Attorneys for Plaintiffs and the proposed Class*

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT– FLSA, ERISA, & STATE LAW
CASE NO. 08-2670 CW