United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN LEWIS, et al.,

    Plaintiffs,

  v.

WELLS FARGO & CO.,

    Defendant.
    _____/

No. C 08-02670 CW

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

    Plaintiffs Martin Lewis, Aaron Cooper and Anissa Schilling, on behalf and themselves and a class of those similarly situated, allege that they were misclassified under federal and state wage and hour laws. Defendant Wells Fargo & Co. has filed a motion to dismiss the Second Amended Complaint (SAC), or in the alternative, for a more definite statement. Defendant argues that Plaintiffs' proposed class definition is too vague to serve as the basis for any of Plaintiffs' causes of action. Plaintiffs oppose the motion. The Court has taken the matter under submission at the request of

the parties. Having considered the papers submitted and the applicable law, the Court denies Defendant's motion.

## BACKGROUND

Defendant Wells Fargo is an international corporation providing banking services throughout the United States and the world. SAC ¶ 25. Plaintiffs and the proposed class members provide the installation, maintenance and support of Defendant's technical infrastructure. They are located primarily within Defendant's Technology Information Group (TIG).

Plaintiffs filed this lawsuit on May 28, 2008 "on behalf of themselves and all persons who were, are, or will be employed by Wells Fargo nationwide as technical support workers with the primary duties of installing, maintaining, and/or supporting software and/or hardware, including but not limited to network engineers, but excluding PC/LAN Engineers (collectively, the 'Class Positions') . . . who were, are, or will be misclassified by Wells Fargo as exempt from overtime pay" under federal and state wage and hour laws. SAC ¶ 9.

Pre-class-certification discovery began in this case on July, 2008. On February 6, 2009, Plaintiffs filed their First Amended Complaint (FAC), which added Plaintiff Anissa Schilling and claims under the Minnesota Fair Labor Standards Act. The class definition in the FAC was identical to that in the initial complaint. On March 2, 2009, Plaintiffs filed their SAC, which made minor changes to a few paragraphs in response to Defendant's comments to the FAC. The class definition did not change in the SAC.

LEGAL STANDARD

I.   Rule 12(b)(6) Motion to Dismiss

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

II.  Rule 12(e) Motion for a More Definite Statement

Pursuant to Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement when a pleading to which a responsive pleading is permitted is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Where a pleading "fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  A Rule 12(e) motion is proper

3

"where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). A Rule 12(e) motion is also appropriate where it is not clear from the complaint what the legal nature of the claim is or if an employee is asserting a common law or statutory claim. McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

## DISCUSSION

I.  Rule 12(b)(6) Motion to Dismiss

Defendant argues that Plaintiffs' proposed class definition is so overbroad and ambiguous that it fails to state a cognizable claim or theory upon which relief can be granted. Defendant's motion reads more like a motion opposing class certification than a motion to dismiss. Defendant cites numerous cases that describe the contours of a proper class definition to warrant class certification, but no cases supporting the assertion that this case should be dismissed on the pleadings because the class is not narrowly defined.

As noted above, Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This rule is to be interpreted liberally. Swierkiewicz, 534 U.S. at 514 (holding a complaint sufficient under "liberal notice pleading of Rule 8(a)"). At this stage of the case, the class definition adequately describes the class members' job duties and injuries suffered. Plaintiffs' class definition properly identifies a specific class of Defendant's employees, technical support workers, according to

4

1 the job duties they primarily perform: installation, maintenance,
2 and/or support.  Plaintiffs are still in the process of attempting
3 to obtain discovery from Defendant in order to narrow the
4 definition to identify class members by specific job title or
5 position within Defendant's corporate structure.  Plaintiffs are
6 entitled to develop their claims, class or otherwise, through
7 discovery.

8     Defendant also argues that the Court should dismiss
9 Plaintiffs' complaint because Lewis, Cooper and Schilling could
10 never be proper class representatives.  Defendant asserts that
11 Plaintiffs, who were "network engineers," cannot adequately
12 represent other "technical support workers" with "primary duties of
13 installing, maintaining, and/or supporting computer software and/or
14 hardware."  SAC ¶ 9.  However, Defendant does not cite any case for
15 the proposition that a named plaintiff with one job title cannot
16 represent a class of individuals with other job titles.  Further,
17 at this point in the proceedings, Defendant has not proven that
18 Lewis, Cooper and Schilling do not have the same interests and
19 suffer the same injuries as the members of the proposed class.
20 East Texas Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395,
21 403 (1977).

22     Defendant additionally argues that Plaintiffs' class
23 definition has led to discovery abuses and a violation of
24 Proposition 64.  Proposition 64 requires that only an individual
25 who has suffered an injury in fact may file a lawsuit under
26 California's Unfair Competition Law (UCL).  Defendant asserts that
27 Plaintiffs included a claim under the UCL to abuse pre-
28 certification discovery to "shop for unspecified potential new

**United States District Court**
For the Northern District of California

5

clients, classes or claims." Motion at 20. Nothing in the record supports this assertion. The discovery propounded by Plaintiffs to date has been relevant and within the scope of the alleged claims. Further, Plaintiffs Lewis and Cooper have standing to bring claims under the UCL because they allegedly suffered direct injuries by Defendant's actions.[1]

II.  Motion For a More Definite Statement

Defendant asserts that, if the Court does not grant the motion to dismiss, Plaintiffs should at least be required to provide a more definite statement concerning the proposed class definition. Fed. R. Civ. P. 12(e). Here, the proposed class definition is not so vague or ambiguous that Defendant cannot reasonably prepare a response to Plaintiffs' SAC. The SAC specifies the allegations in a manner that puts Defendant on sufficient notice. The nature of Plaintiffs' claims and the party against whom they are being made are readily determinable. The proposed class definition need not be in its final form at this point in the litigation. Pre-certification discovery is ongoing and Plaintiffs are in the process of obtaining more information which, if provided, will allow them further to define the precise job duties and titles of the class members. The Court concludes that the class definition is sufficiently clear and precise that Defendant can participate in discovery and prepare for certification briefing.

CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion

---

[1] Lewis and Cooper were employed by Wells Fargo in Roseville, California. SAC ¶¶ 21-22. Schilling was employed by Wells Fargo in Minneapolis, Minnesota. SAC ¶¶ 23.

6

to dismiss, or in the alternative, for a more definite statement (Docket No. 75). Defendant must answer the SAC twenty days from the date of this order.

    IT IS SO ORDERED.

Dated: 4/16/09

_____
CLAUDIA WILKEN
United States District Judge