Kelly M. Dermody (Cal. Bar No. 171716)
Jahan C. Sagafi (Cal. Bar No. 224887)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com

Richard C. Haber (admitted *pro hac vice*)
Laura L. Volpini (admitted *pro hac vice*)
HABER POLK LLP
Eaton Center, Suite 620
1111 Superior Avenue
Cleveland, Ohio 44114
Telephone:  (216) 241-0700
Facsimile:   (216) 241-0739
E-Mail: rhaber@haberpolk.com
E-Mail: lvolpini@haberpolk.com

*Attorneys for Plaintiff and the proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| MARTIN LEWIS, AARON COOPER, and ANISSA SCHILLING on behalf of themselves and a class of those similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>WELLS FARGO & CO.,<br><br>            Defendant. | Case No.  08-2670 CW<br><br>**DECLARATION OF JAHAN C. SAGAFI IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF *HOFFMANN-LA ROCHE* NOTICE** |

I, Jahan C. Sagafi, declare:

1. I am a partner with the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP in San Francisco, California and am admitted to practice before this Court. I submit this Declaration in support of Plaintiffs' motion for Approval of *Hoffmann-La Roche* Notice.

2. I make these statements based on personal knowledge and would so testify if called as a witness.

**Procedural History**

3. On June 19, 2008, Plaintiffs sent a letter to Wells Fargo's in-house counsel, requesting class member contact information so that class members could be alerted to the pendency of this case, or, alternatively, an agreement to toll the statute of limitations for the class members' FLSA claims for a reasonable period. Attached hereto as Exhibit A is a true and correct copy of that letter.

4. On July 3, 2008, Plaintiffs sent a letter to Wells Fargo's outside counsel, reiterating the request for class member contact information, or, alternatively, an agreement to toll the statute of limitations. Attached hereto as Exhibit B is a true and correct copy of that letter.

5. On July 9, 2008, Wells Fargo's outside counsel sent a letter responding to Plaintiffs' letter of July 3, 2008 and rejecting Plaintiffs' requests. Attached hereto as Exhibit C is a true and correct copy of that letter.

6. On July 30, 2008, the day before the Rule 26(f) initial meet and confer session, Plaintiffs sent a letter to Wells Fargo's outside counsel, informing them of the most important categories of documents to be produced on a priority basis. Attached hereto as Exhibit D is a true and correct copy of that letter.

7. On July 31, 2008, the day of the conference, Plaintiffs sent a more detailed letter to Wells Fargo's outside counsel, outlining eight targeted categories of requested documents. Attached hereto as Exhibit E is a true and correct copy of that letter.

8. That day, Plaintiffs also served their First Set of Requests for Production of Documents. Attached hereto as Exhibit F is a true and correct copy of Plaintiffs' First Set of Requests for Production of Documents and Things.

9. On August 14, 2008, Plaintiffs noticed depositions pursuant to Rule 30(b)(6) regarding several categories of important topics, including: (1) class members' job duties; (2) training and supervision received by class members; (3) hours worked by class members; (4) Wells Fargo's corporate structure; (5) Wells Fargo's databases containing class members' contact information and compensation data; (6) exemption decisions; (7) Wells Fargo's ERISA policies; and (8) Wells Fargo's documents and systems. Attached hereto as Exhibit G is a true and correct copy of Plaintiffs' Notice of Deposition Pursuant to Fed. R. Civ. P. 30 (b)(6).

10. At the initial Case Management Conference on September 16, 2008, the Court instructed Wells Fargo to provide class member contact information for Network Engineers, which Wells Fargo provided on November 26, 2008 to a neutral third party. On July 15, 2009, the Court instructed Wells Fargo to provide class member contact information for non-Network Engineers as well. Wells Fargo provided the information for non-Network Engineers to a neutral third party on August 5, 2009.

11. On September 25, 2008, the parties submitted a stipulated schedule pursuant to Court order. The Court approved the stipulated schedule on September 30, 2008. Attached hereto as Exhibit H is a true and correct copy of the Stipulation and Order Re Case Schedule.

12. Throughout the fall and winter of 2008, Plaintiffs continued to seek the targeted discovery they had requested during the summer, but Wells Fargo refused to cooperate. One critical aspect of Wells Fargo's resistance was its objection to producing discovery regarding individuals who satisfied the class definition but were not in the same job title as the named Plaintiffs (Network Engineer). Plaintiffs called, emailed, and wrote letters to Wells Fargo's counsel describing examples of relevant documents to be produced in an effort to move the case forward. For example, Plaintiffs sent such letters to Wells Fargo on October 10, 2008, November

1  20, 2008, November 24, 2008, and December 1, 2008. Attached hereto as Exhibit I are true and correct copies of those letters.

13. By December 2008, Wells Fargo had only produced 47 documents that were not solely pertaining to the individual named Plaintiffs.

14. On December 23, 2008, on Plaintiffs' motion, the Court held a telephonic hearing regarding the proper scope of discovery. At the hearing, Wells Fargo requested an opportunity for further briefing, so the Court continued the hearing until January 15, 2009.

15. On January 15, 2009, the Court held an extensive telephonic hearing, rejecting Wells Fargo's argument that the class definition should be interpreted to include Network Engineers only, and that discovery should be limited to that job title. In its Minute Order of that day, the Court ordered "Defendant to be more cooperative and interactive with Plaintiff." Attached hereto as Exhibit J is a true and correct copy of the Court's Minute Order, dated January 15, 2009.

16. On January 26, 2009, the Court issued an order setting forth a three-stage approach for discovery. Attached hereto as Exhibit K is a true and correct copy of the Court's Order Granting Plaintiffs' Motion to Compel, dated January 26, 2009.

17. On February 17, 2009, Wells Fargo produced some, but not all, of the documents required under Phase I. Specifically, Wells Fargo produced 117 pages: 60 pages of job descriptions and 57 pages of organizational charts and other documents. This production included information about six job titles.

18. On February 19, 2009, I informed Wells Fargo that based on the documents received, Plaintiffs reasonably believed that those six job titles were encompassed by the class definition, for purposes of Phase II discovery. I also requested that Wells Fargo supplement its Phase I production, because we had discovered additional job titles left out of Wells Fargo's initial Phase I production. Specifically, I cited 13 other job titles mentioned in the Phase I production for which job descriptions had not been produced.

19. On May 13, 2009, with nine job titles subject to Phase II discovery, Plaintiffs proposed to Wells Fargo that a neutral letter be sent to the eight non-Network Engineer titles by the administrator, consistent with the Court's September instruction at the initial Case Management Conference and its subsequent October order, using substantially identical text as was used in the December 2008 Network Engineer letter. Plaintiffs sent an email to Wells Fargo on May 21, 2009 following up on their proposal. Attached hereto as Exhibit L is a true and correct copy of that email.

20. After several unsuccessful attempts to secure Wells Fargo's agreement, Plaintiffs sought Court intervention, filing a letter brief on June 18, 2009 and ultimately a joint letter brief in conjunction with Wells Fargo on July 14, 2009. Attached hereto as Exhibit M is a true and correct copy of that joint letter brief.

21. After a hearing on July 15, 2009, Magistrate Judge Spero issued a Minute Order granting Plaintiffs' request. Attached hereto as Exhibit N is a true and correct copy of that Minute Order.

22. On August 11, 2009, the letter was mailed to 1,960 potential class members from the eight non-Network Engineer job titles by a neutral administrator.

**Exhibits**

23. Attached hereto as Exhibit O is a true and correct copy of Wells Fargo's Technology Change Management Policy, which was produced by Wells Fargo and is bates labeled WFB 0001505-10.

24. Attached hereto as Exhibit P is a true and correct copy of Wells Fargo's "TIG Change Management Standards and Process." This document is bates labeled WFB 0001511-88.

25. Attached hereto as Exhibit Q is a true and correct copy of a Wells Fargo corporate document explaining that the trouble ticket system used by class members, PAC2000, is the system used corporate wide. This document is bates labeled WFLW 013233-35.

26. Attached hereto as Exhibit R is a chart quoting relevant language from the job descriptions for the job titles at issue, followed by true and correct copies of the full job descriptions from which the quotes were taken.

27. Attached hereto as Exhibit S is a true and correct of an excerpt of the final deposition transcript of Aaron Cooper.

28. Attached hereto as Exhibit T is a true and correct of an excerpt of the final deposition transcript of Eric LaMasters.

29. Attached hereto as Exhibit U is a true and correct of an excerpt of the final deposition transcript of Susan Lehan.

30. Attached hereto as Exhibit V is a true and correct of an excerpt of the final deposition transcript of Ted Lewis.

31. Attached hereto as Exhibit W is a true and correct of an excerpt of the final deposition transcript of Scott Lovelady.

32. Attached hereto as Exhibit X is a true and correct of an excerpt of the final deposition transcript of Gerard Petrone.

33. Attached hereto as Exhibit Y is a true and correct of an excerpt of the final deposition transcript of Anissa Schilling.

34. Attached hereto as Exhibit Z is a true and correct of an excerpt of the First Amended Preliminary Approval Order in *Higazi v. Cadence Design Systems, Inc.*, No. C-07-2813 JW (N.D. Cal. April 25, 2008). Judge Ware granted final approval on July 7, 2008.

*   *   *

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 24th day of September, 2009, at San Francisco, California.

_____
Jahan C. Sagafi