**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9

10                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

13                                                  No. C 08-02670 CW

14   MARTIN LEWIS, et al.,
                                                    ORDER GRANTING IN
15              Plaintiffs,                         PART PLAINTIFF'S
                                                    MOTION FOR APPROVAL
16        v.                                        OF <u>HOFFMAN-LA ROCHE</u>
                                                    NOTICE
17   WELLS FARGO & CO.,

18              Defendant.
     _____/
19

20        Plaintiffs Martin Lewis, Aaron Cooper and Anissa Schilling, on

21   behalf and themselves and a class of those similarly situated,

22   allege that they were misclassified under federal and state wage

23   and hour laws.  Plaintiffs move the Court to certify conditionally

24   this action as a representative collective action and to authorize

25   and facilitate notice of this action to prospective collective

26   action members.  Defendant Wells Fargo opposes this motion and

27   objects to the notice and opt-in form that Plaintiffs have

28   prepared.  The motion was decided on the papers.  Having considered

all of the papers filed by the parties, the Court grants in part

Plaintiffs' motion for approval of a Hoffman-LaRoche notice.

BACKGROUND

Defendant Wells Fargo is an international corporation

providing banking services throughout the United States and the

world.  SAC ¶ 25.  Plaintiffs and the proposed class members

provide the installation, maintenance and support of Defendant's

technical infrastructure.  They are located primarily within

Defendant's Technology Information Group (TIG).

Plaintiffs contend that they are owed overtime pay under the

Fair Labor Standards Act (FLSA).  The FLSA authorizes workers to

sue for unpaid overtime wages on their own behalf and on behalf of

"other employees similarly situated."  29 U.S.C. § 216(b).

Plaintiffs bring this action on behalf of themselves and other

similarly situated employees.  Unlike class actions brought under

Federal Rule of Procedure 23, however, collective actions brought

under the FLSA require that each individual member "opt in" by

filing a written consent.  See 29 U.S.C.A. § 216(b) ("No employee

shall be a party plaintiff to any such action unless he gives his

consent in writing to become such a party and such consent is filed

in the court in which such action is brought.").

In Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165 (1989),

the Supreme Court held that, "in appropriate cases," district

courts should exercise their discretion to authorize and facilitate

notice of a collective action to similarly situated potential

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  plaintiffs.[1]  Plaintiffs contend that this is an appropriate case.

2  They request leave to send a <u>Hoffman-La Roche</u> notice to similarly

3  situated technical support workers[2] who are, or have been, employed

4  throughout the country by Defendant at any time since July 19,

5  2005.  According to Plaintiffs, this notice will alert potentially

6  aggrieved individuals that, if they want to pursue a similar claim

7  in this pending lawsuit, they must opt in, and will further the

8  broad remedial goals of the FLSA.

9                          LEGAL STANDARD

10      As noted above, the FLSA provides for a collective action

11  where the complaining employees are "similarly situated."  29

12  U.S.C. § 216(b).  But the FLSA does not define "similarly

13  situated," nor has the Ninth Circuit defined it.  As noted by the

14  Tenth Circuit, there is little circuit law defining "similarly

15  situated."  <u>Thiessen v. General Electric Capital Corp</u>., 267 F.3d

16  1095, 1102 (10th Cir. 2001).

17      Although various approaches have been taken to determine

18  whether plaintiffs are "similarly situated," district courts in

19  this circuit have used the <u>ad hoc</u>, two-tiered approach.  <u>See</u> <u>Wynn</u>

20  <u>v. National Broadcasting Co., Inc.</u>, 234 F. Supp. 2d 1067, 1082

21  (C.D. Cal. 2002) (noting that the majority of courts prefer this

22

23  [1]Although <u>Hoffmann-La Roche</u> involved claims brought under the
    Age Discrimination in Employment Act (ADEA), because ADEA
24  incorporates § 16(b) of the Fair Labor Standards Act into its
    enforcement scheme, the same rules govern judicial management of
25  collective actions under both statutes.  <u>See, e.g.</u>, <u>Shaffer v. Farm</u>
    <u>Fresh, Inc.</u>, 966 F.2d 142, 147 (4th Cir. 1992).

26  [2]Plaintiffs define technical support workers as those
    individuals with the primary duties of installing, maintaining,
27  and/or supporting software and/or hardware, including but not
    limited to network engineers, but excluding PC/LAN Engineers.
28

3

**United States District Court**
For the Northern District of California

1  approach); <u>see also Thiessen</u>, 267 F.3d at 1102-03 (discussing three

2  different approaches district courts have used to determine whether

3  potential plaintiffs are "similarly situated" and finding that the

4  <u>ad hoc</u> approach is arguably the best of the three approaches); <u>Hipp</u>

5  <u>v. Liberty Nat. Life Ins. Co.</u>, 252 F.3d 1208, 1219 (11th Cir. 2001)

6  (finding the two-tiered approach to certification of § 216(b)

7  opt-in classes to be an effective tool for district courts to use).

8  Under this approach, the district court makes two determinations,

9  on an <u>ad hoc</u>, case-by-case basis.  The court first makes an initial

10  "notice stage" determination of whether plaintiffs are similarly

11  situated, deciding whether a collective action should be certified

12  for the purpose of sending notice of the action to potential class

13  members.  <u>See, e.g.</u>, <u>Thiessen</u>, 267 F.3d at 1102.  For conditional

14  certification at this notice stage, the court requires little more

15  than substantial allegations, supported by declarations or

16  discovery, that "the putative class members were together the

17  victims of a single decision, policy, or plan."  <u>Id.</u> at 1102.  The

18  standard for certification at this stage is a lenient one that

19  typically results in certification.  <u>Wynn</u>, 234 F. Supp. 2d at 1082.

20      The second determination is made at the conclusion of

21  discovery, usually on a motion for decertification by the

22  defendant, utilizing a stricter standard for "similarly situated."

23  <u>Thiessen</u>, 267 F.3d at 1102.  During this second stage analysis, the

24  court reviews several factors, including the disparate factual and

25  employment settings of the individual plaintiffs; the various

26  defenses available to the defendant which appear to be individual

27  to each plaintiff; fairness and procedural considerations; and

28  whether the plaintiffs made any required filings before instituting

1    suit.  <u>Id</u>. at 1103.

2        Notably, collective actions under the FLSA are not subject to

3    the requirements of Rule 23 of the Federal Rules of Civil Procedure

4    for certification of a class action.  <u>Id.</u> at 1105.  "The requisite

5    showing of similarity of claims under the FLSA is considerably less

6    stringent than the requisite showing under Rule 23 of the Federal

7    Rules of Civil Procedure.  All that need be shown by the plaintiff

8    is that some identifiable factual or legal nexus binds together the

9    various claims of the class members in a way that hearing the

10   claims together promotes judicial efficiency and comports with the

11   broad remedial policies underlying the FLSA."  <u>Wertheim v. Arizona</u>,

12   1993 WL 603552, *1 (D.Ariz.) (citations omitted).

13                              DISCUSSION

14   I.   <u>Hoffmann-La Roche</u> Notice

15       Defendant argues that this motion should be decided under the

16   stricter second stage analysis.  Here, although volumes of paper

17   have been produced and several witnesses deposed, Plaintiffs state

18   that discovery is nowhere near complete.  Defendant has obstinately

19   resisted producing discovery in this case since its inception.  In

20   an attempt to file a motion for approval of <u>Hoffman-Laroche</u> notice

21   by January, 2009, Plaintiffs served document requests and a

22   deposition notice in July and August, 2008.  However, Defendant

23   resisted producing that discovery until recently, only after

24   repeated intervention by the Court.  Defendant did not produce

25   basic job descriptions for other relevant job titles until

26   September 28, 2009, missing the Court-ordered deadline for such

27   production by over seven months.  Until recently, Defendant did not

28   schedule depositions that Plaintiffs had requested fourteen months

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  earlier.  Even Defendant does not contend that discovery on the

2  issue of certification is complete; Defendant contends that

3  discovery has been extensive and that additional discovery will not

4  change the facts or analysis that technical support workers are not

5  similarly situated.

6      To apply the second-tier heightened review at this stage would

7  be contrary to the broad remedial policies underlying the FLSA.

8  After discovery is complete, Defendant can move for

9  decertification, and the Court will then apply the heightened

10  second-tier review.

11      As noted above, the standard for certification at the notice

12  stage is a lenient one.  Courts routinely grant conditional

13  certification of multiple-job-title classes such as Plaintiffs'

14  class.  See Gerlach v. Wells Fargo, 2006 WL 824652, at *3 (N.D.

15  Cal.); Wong v. HSBC Mortg. Corp. (USA), 2008 WL 753889 (N.D. Cal.);

16  Beauperthuy v. 24 Hour Fitness USA, Inc., 2007 WL 707475 (N.D.

17  Cal.).  Plaintiffs meet their burden of showing that all technical

18  support workers are similarly situated with respect to their FLSA

19  claim: all technical support workers share a job description, were

20  uniformly classified as exempt from overtime pay by Defendant and

21  perform similar job duties.  Plaintiffs have submitted deposition

22  and declaration testimony from twenty-seven opt-in class members,

23  as well as documentary and testimonial evidence from Defendant

24  itself, to support the allegations in the complaint and instant

25  motion.  This showing satisfies the first-tier standard.

26      Defendant's fifty-four declarations, mostly from current

27  employees, do not undermine this showing.  Plaintiffs meet their

28  burden at the notice stage, and thus the Court need not consider

**United States District Court**
For the Northern District of California

1  the declarations at this time.  Defendant can re-submit them as

2  part of a motion to decertify the class once discovery is complete.

3  "It may be true that the evidence will later negate plaintiffs'

4  claims, but this order will not deny conditional certification at

5  this stage in the proceedings."  Escobar v. Whiteside Constr.

6  Corp., 2008 WL 3915715 (N.D. Cal.).

7       A.  Proposed Notice and Opt-in Form

8       Plaintiffs asks the Court to order Defendant to provide their

9  counsel with contact information for all putative class members so

10  that counsel can provide them with the Court-approved notice.  The

11  Court finds that it would be more appropriate to have a third-party

12  claims administrator distribute the collective action notice.

13  Although Plaintiffs correctly note that the Court is authorized to

14  order the production of potential class members' contact

15  information to Plaintiff's counsel, they have not explained why it

16  would be preferable for their counsel to oversee distribution of

17  the notice.  Contact information for Plaintiffs' counsel will be

18  contained in the notice, and potential class members may contact

19  counsel if they wish.

20       The Court finds that providing notice by first class mail and

21  email will sufficiently assure that potential collective action

22  members receive actual notice of this case.  Defendant's objection

23  to the production of email addresses is baseless.  The potential

24  class members, technical support workers, are likely to be

25  particularly comfortable communicating by email and thus this form

26  of communication is just as, if not more, likely to effectuate

27  notice than first class mail.

28       Plaintiffs' proposed 120-day deadline for potential class

7

members to file their consents is too long.  In <u>Reab v. Electronic Arts, Inc.</u>, 214 F.R.D. 623, 632 (D. Colo. 2002), the court approved a sixty day opt-in period.  The Court sets a seventy-five day deadline.

Defendant criticizes certain language in the original proposed notice as implying an endorsement of the notice by the Court.  The Supreme Court has instructed, "In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality.  To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action."  <u>Id</u>. at 174.  Plaintiffs' revised proposed notice submitted on October 15, 2009 adequately addresses Defendant's concerns.

B.   Equitable Tolling for Potential Plaintiffs

The FLSA statute of limitations runs until a valid consent is filed.  29 U.S.C. § 256(b); <u>Partlow v. Jewish Orphans' Home of Southern California, Inc.</u>, 645 F.2d 757, 760 (9th Cir. 1981), abrogated on other grounds by <u>Hoffman-La Roche</u>, 493 U.S. 165. Plaintiffs request that the Court equitably toll the limitations period on the claims of the FLSA collective action members from the date that the Complaint was filed on February 9, 2005, through the Court-set deadline for receipt of consents.  They argue that equitable tolling is warranted because similarly situated plaintiffs, through no fault of their own, have been unable to opt in to, or even learn of, the lawsuit.  Defendant refuses to produce contact information for potential collective action members, which, Plaintiffs claim, prevents Plaintiffs and their counsel from informing similarly situated potential plaintiffs about this case

8

**United States District Court**
For the Northern District of California

1  and their right to opt in.

2      Partlow, the only Ninth Circuit case Plaintiffs cite to

3  support equitable tolling, is distinguishable.  In Partlow, the

4  Ninth Circuit held that the district court could toll the statute

5  of limitations under the FLSA for forty-five days to permit the

6  class members who had earlier filed invalid consents, due to

7  Plaintiffs' counsel's error, to execute proper consents.  Although

8  this holding was based largely on the court's finding that "it

9  would simply be improper to deprive the consenting employees of

10  their right of action," the court also pointed out that the

11  defendant was notified of the claims of the consenting employees

12  within the statutory period because they had filed the improper

13  consents.  645 F.2d at 761.  The Court declines at this time

14  equitably to toll the statute of limitations.

15                             CONCLUSION

16      For the foregoing reasons, the Court grants in part

17  Plaintiffs' Motion for Approval of Hoffmann-La Roche Notice (Docket

18  No. 123).  The Court conditionally certifies the class of technical

19  support workers with the primary duties of installing, maintaining,

20  and/or supporting software and/or hardware, including but not

21  limited to network engineers, but excluding PC/LAN Engineers, who

22  were, are, or will be misclassified by Defendant as exempt from

23  overtime pay so that Hoffmann-La Roche notice may be sent.[3]

24  Defendant shall, within ten days of the date of this order, produce

25  to a mutually agreed-upon third-party administrator the names,

26  

27      [3]To the extent that the Court relied upon evidence to which there is an objection, the parties' objections are overruled.  To the extent that the Court did not rely on such evidence, the

28  parties' objections are overruled as moot.

addresses, alternate addresses, email addresses, social security numbers and telephone numbers of all prospective members of the class.  The Court approves of the notice located at Docket No. 146 with the exception that the response period to opt-in shall be seventy-five days.  Notice will proceed as detailed in this order.  At this juncture, the Court will not equitably toll the limitations period on the claims of the FLSA collective action members.

IT IS SO ORDERED.

Dated: 10/26/09

CLAUDIA WILKEN
United States District Judge

10