1

2

3

4

5

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

7

8   MARTIN LEWIS, AARON COOPER, and
ANISSA SCHILLING, on behalf of themselves
and a class of those similarly situated,

9

Plaintiffs,

10

v.

11

WELLS FARGO & CO.,

12

Defendant.

13

Case No.  08-cv-2670 CW

[~~PROPOSED~~] ORDER DIRECTING
NOTICE TO OVERPAID OPT-INS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By unopposed motion dated September 13, 2011, the Settlement Administrator in this case, Settlement Services, Inc. ("SSI"), requested this Court issue an Order directing Notice be sent to overpaid Opt-Ins.

Having considered the papers on the motion and the law, the Court now enters this Order and FINDS, CONCLUDES, and ORDERS as follows:

1.     This Court has continuing jurisdiction over this matter for purposes of resolving issues related to administration and effectuation of the Settlement.  Final Approval Order at §XII (Docket No. 315).

2.     In early July, the Settlement Administrator determined that it had made an error in the award calculations.  Specifically, the Settlement Administrator mis-applied the Limitations Period multiplier found in §VII.C.2 of the Stipulation of Settlement for Opt-Ins with California state law claims (Docket No. 309-1).  It gave all Opt-Ins half credit for any weeks worked earlier than two years prior to the date each filed a Consent to Join this action; however, Opt-Ins with California state law claims were to receive full credit under the Limitations Period multiplier for all weeks worked, regardless of when they were worked in relation to the date the Opt-In filed a Consent to Join. This error resulted in checks being issued for inaccurate amounts to all Opt-Ins. 202 Opt-Ins received larger awards than they should have received and 102 claimants received awards less than they should have received.

3.     The overpayment to class members amounted to $417,781.44.  Of this amount, $27,879.08 was recouped because the Settlement Administrator put a stop payment on checks that were issued for more than the payee's correct award and were not yet cashed as of the time the Settlement Administrator discovered the error.

4.     The Settlement Administrator has since corrected the error and recalculated all the awards.  Exhibit A to the Declaration of Mark Patton submitted under seal in support of the Settlement Administrator's Motion ("Exhibit A") shows the overpayment or underpayment made to each Opt-In.  On July 13, 2011, a letter was sent to overpaid Opt-Ins informing them of the error, setting forth the correct amount of their award and the overpaid amount, and requesting that

they return the overpayment by August 5, 2011. As of September 12, 2011, the Settlement Administrator had received 78 refunds in response to the letter, amounting to $164,883.59.

5.      As of August 17, 2011, 105 Opt-Ins have not yet returned their overpayment to the Settlement Fund.  Those overpaid Opt-Ins are indicated on Exhibit A of the declaration of Mark Patton (filed under seal.) .

6.      In general, the Settlement Administrator, as trustee of the QSF, "like any trustee, cannot pay a beneficiary more than the trust instrument authorizes and is entitled to recover any excess payment." *Sewell v. 1199 Nat. Ben. Fund for Health and Human Services,* 187 Fed Appx. 36, 41 (2d Cir. 2006). "[W]hen a trustee overpays a beneficiary the trustee is entitled to recover the excess payment." *Hoffa v. Fitzsimmons,* 673 F.2d 1345, 1354 (D.C. Cir. 1982)*; see also* RESTATEMENT (SECOND) OF TRUSTS §254 (If the trustee has made a payment out of trust property to one of several beneficiaries to which the beneficiary was not entitled, such beneficiary is liable for the amount of such overpayment, unless he has so changed his position that it is inequitable to compel repayment.) *See also Tynan v. American Airlines, Inc.,* No. 04-CV-335-SM, 2005 WL 2203172, *3 (D.N.H. 2005); *Dunklye v. Peoples Bank and Trust Co.,* 728 F. Supp. 547, 564 (W.D. Ark. 1989); *Naugle v. O'Connell,* 833 F.2d 1391, 1398 (10th Cir. 1987).

7.      Accordingly, this Court hereby ORDERS SSI to send to those Opt-Ins listed in Exhibit A (filed under seal) as not yet having returned their overpayments a copy of this Order and a copy of the Notice attached as Exhibit 1 hereto, which informs each such Opt-In of his or her overpayment amount and requests the return of that amount to the QSF within 30 days of the date of this Order.

8.      The Court orders SSI to issue checks to all Opt-Ins who were underpaid for the amount of their underpayment no later than six weeks after the mailing of this Order and Notice to overpaid Opt-Outs.

9.      All terms of the Stipulation of Settlement (Docket No. 309-1) remain in full force and effect, including, but not limited to, Section XI, Release of Claims by Plaintiffs and Opt-Ins.

1    IT IS SO ORDERED.

2

3    Dated September  16, 2011

4                                                          The Honorable Claudia Wilken

5                                                          United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DIRECTING NOTICE TO OVERPAID OPT-INS
                                              CASE NO. 08-CV-2670 CW

**Exhibit 1**

**NOTICE OF OVERPAYMENT AMOUNT AND INSTRUCTION TO RETURN OVERPAYMENT**

This Notice and the foregoing Order are addressed to <<FName>> <<LName>>. Due to a

calculation error by the Settlement Administrator, the award check you received was for more

money than that which you were entitled. Accordingly, you should repay the amount listed as

your **Overpayment Amount** below to the Settlement Fund.

| | |
|---|---|
| Incorrect Net Amount (the check you received): | «Check_Value» |
| Corrected Net Amount: | «Correct_Net» |
| Overpayment Amount: | «Difference» |

Please send a check for the Overpayment Amount, made out to "Lewis v. Wells Fargo

Qualified Settlement Fund," by <<insert date>> to:

Lewis v. Wells Fargo Qualified Settlement Fund
P.O. Box 10623
Tallahassee, FL 32302-2623

A postage-paid, self-addressed envelope is included for your convenience. If you have any

additional questions, please contact the Settlement Administrator at (877) 236-6514 or Class

Counsel Jahan Sagafi or Anne Shaver at (415) 956-1000.